[L.A. No. 29761. In Bank. Dec. 28, 1970.]

JIMMY H., a Minor, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Davis, York & Dankman, Roy Dankman and David F. Aberson for Petitioner.

No appearance for Respondent.

Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**WRIGHT, C. J.**—Petitioner, a 17-year-old minor charged with murder and three assaults with intent to commit murder, was certified to the superior court for trial as a person not amenable to the care and treatment available through the juvenile court. The stated reason given by the juvenile court judge for certifying petitioner for trial as an adult was that the Youth Authority's power to detain him beyond his 21st birthday,[1] pursuant to Welfare and Institutions Code section 1800 et seq.,[2] was probably unconsti-

---

[1] Unless section 1800 of the Welfare and Institutions Code is invoked, a ward of the juvenile court committed to the Youth Authority must be discharged upon expiration of a two-year period of control or when the ward reaches his 21st birthday, whichever occurs later. (Welf. & Inst. Code, § 1769.) Since petitioner would have been committed when only 17 years of age, the Authority's control would have expired in four years, when he reached his majority.

[2] Section 1800 provides: "Whenever the Youth Authority Board determines that the discharge of a person from the control of the Youth Authority at the time required by Section 1769, 1770, 1770.1, or 1771, as applicable, would be physically dangerous to the public because of the person's mental or physical deficiency, disorder, or abnormality, the board, through its chairman, shall make application to the committing court for an order directing that the person remain subject to the control of the authority beyond such time. The application shall be filed at least 90 days before the time of discharge otherwise required. The application shall be accompanied by a written statement of the facts upon which the board bases its opinion that discharge from control of the Youth Authority at the time stated would be physically dangerous to the public, but no such application shall be dismissed nor shall an order be denied merely because of technical defects in the application."

Section 1801 provides: "If the board applies to the court for an order as provided in Section 1800, the court shall notify the person whose liberty is involved, and if he is a minor, his parent or guardian (if such person can be reached and, if not, the court shall appoint a person to act in the place of the parent or guardian) of the application, and shall afford him an opportunity to appear in court with the aid of counsel and of process to compel attendance of witnesses and production of evidence. When he is unable to provide his own counsel, the court shall appoint counsel to represent him.

"If after a full hearing the court is of the opinion that discharge of the person would be physically dangerous to the public because of his mental or physical defi-

tutional. Petitioner seeks a writ of mandate directing the juvenile court to vacate its order. We have concluded that petitioner is entitled to a redetermination of his amenability to treatment as a juvenile by virtue of the fact that an improper criterion was applied by the court in reaching its decision and that the writ should be granted. As there was no contention in the matter before this court that section 1800 et seq. are unconstitutional, we find it inappropriate in this case to decide that issue. ■ Although the length of time treatment is likely to be necessary is an appropriate factor for the juvenile court to consider in determining whether a minor is fit or unfit, the court failed to exercise its discretion in denying petitioner the benefits of treatment as a juvenile on the basis of its belief of the unconstitutionality of the section dealing with extended treatment instead of on the basis of the record before it.

Welfare and Institutions Code section 707 provides in pertinent part: "At any time during a hearing upon a petition alleging that a minor is, by reason of violation of any criminal statute or ordinance, a person described in Section 602, when substantial evidence has been adduced to support a finding that the minor was 16 years of age or older at the time of the alleged commission of such offense and that the minor would not be amenable to the care, treatment and training program available through the facilities

ciency, disorder, or abnormality the court shall order the Youth Authority to continue the treatment of such person. If the court is of the opinion that discharge of the person from continued control of the authority would not be physically dangerous to the public, the court shall order the person to be discharged from control of the authority."

Section 1802 provides: "When an order for continued detention is made as provided in Section 1801, the control of the authority over the person shall continue, subject to the provisions of this chapter, but, unless the person is previously discharged as provided in Section 1766, the authority shall, within two years after the date of such order in the case of persons committed by the juvenile court, or within five years after the date of such order in the case of persons committed after conviction, in criminal proceedings, file a new application for continued detention in accordance with the provisions of Section 1800 if continued detention is deemed necessary. Such applications may be repeated at intervals as often as in the opinion of the authority may be necessary for the protection of the public, except that the authority shall have power, in order to protect other persons in the custody of the authority, to transfer the custody of any person over 21 years of age to the Director of Corrections for placement in the appropriate institution.

"Every person shall be discharged from the control of the authority at the termination of the period stated in this section unless the board has filed a new application and the court has made a new order for continued detention as provided above in this section."

Section 1803 provides: "An order of the committing court made pursuant to this article is appealable by the person whose liberty is involved in the same manner as a judgment in a criminal case. The appellate court may affirm the order of the lower court, or modify it, or reverse it and order the appellant to be discharged. Pending appeal, the appellant shall remain under the control of the authority."

Hereinafter all references are to the Welfare and Institutions Code unless otherwise specified.

■

of the juvenile court, . . . the court may make a finding noted in the minutes of the court that the minor is not a fit and proper subject to be dealt with under this chapter, and the court shall direct the district attorney or other appropriate prosecuting officer to prosecute the person under the applicable criminal statute or ordinance and thereafter dismiss the petition. . . .

"In determining whether the minor is a fit and proper subject to be dealt with under this chapter, the offense, in itself, shall not be sufficient to support a finding that such minor is not a fit and proper subject to be dealt with under the provisions of the Juvenile Court Law.

"A denial by the person on whose behalf the petition is brought of any or all of the facts or conclusions set forth therein or of any inference to be drawn therefrom is not, of itself, sufficient to support a finding that such person is not a fit and proper subject to be dealt with under the provisions of the Juvenile Court Law.

"The court shall cause the probation officer to investigate and submit a report on the behavioral patterns of the person being considered for unfitness."

■ Though the standards for determining a minor's fitness for treatment as a juvenile lack explicit definition (Report of the Governor's Special Study Commission on Juvenile Justice, Part I, Recommendations for Changes in California's Juvenile Court Law (1960) p. 12; Boches, *Juvenile Justice in California: A Re-evaluation* (1967) 19 Hastings L. J. 47, 95-96), it is clear from the statute that the court must go beyond the circumstances surrounding the offense itself and the minor's possible denial of involvement in such offense. (*Bruce M.* v. *Superior Court* (1969) 270 Cal.App.2d 566, 572 [75 Cal.Rptr. 881]; cf. *In re William M.* (1970) 3 Cal.3d 16, 30 [89 Cal.Rptr. 33, 473 P.2d 737].) The court may consider a minor's past record of delinquency (*People* v. *Dotson* (1956) 46 Cal. 2d 891, 896 [299 P.2d 875]; *People* v. *Renteria* (1943) 60 Cal.App.2d 463, 470 [141 P.2d 37]) and *must* take into account his behavior pattern as described in the probation officer's report. (Welf. & Inst. Code, § 707; *Richerson* v. *Superior Court* (1968) 264 Cal.App.2d 729, 734 [70 Cal. Rptr. 350].)

■ Testimony of expert witnesses may also provide guidance for the court's decision on the fitness of a minor for treatment as a juvenile. (See Cal. Juvenile Court Practice (Cont. Ed. Bar 1968) §§ 137-138, pp. 125-126.) Since the dispositive question is the minor's amenability to treatment through the facilities available to the juvenile court, testimony of experts that the minor can be treated by those facilities is entitled to great weight

in the court's ultimate determination. ■ Moreover, if the court otherwise decided that the Youth Authority program was best suited to the needs of the minor, it could hold him unfit if those experts testified that rehabilitation might require treatment beyond the date of his mandatory discharge. (See Note, *Rights and Rehabilitation in the Juvenile Courts* (1967) 67 Colum. L. Rev. 281, 316; Note, *Separating the Criminal from the Delinquent: Due Process in Certification Procedure* (1967) 40 So.Cal. L.Rev. 158, 163.)

■ The decision rests in the sound discretion of the juvenile court. (*People* v. *Yeager* (1961) 55 Cal.2d 374, 389 [10 Cal.Rptr. 829, 359 P. 2d 261]; *People* v. *Dotson, supra,* 46 Cal.2d 891, 896; *People* v. *Wolff* (1920) 182 Cal. 728, 732-733 [190 P. 22].) Nevertheless, that discretion must be exercised within the framework of the Juvenile Court Law. (*Bruce M.* v. *Superior Court, supra,* 270 Cal.App.2d 566, 573.) There must be substantial evidence adduced at the hearing that the minor is not a fit and proper subject for treatment as a juvenile before the court may certify him to the superior court for prosecution. (Welf. & Inst. Code, § 707; 40 Ops. Cal.Atty.Gen. 83, 84.)[3] ■ If the possibility that the Youth Authority might have to treat a ward of the juvenile court beyond the age of his majority is the determinative factor in the court's decision that the minor is unfit, there must be substantial evidence in the record that successful treatment might require the extra time.

Two doctors testifying in petitioner's behalf and a probation officer agreed that petitioner would require treatment for a sustained period. Dr. Philip J. Marco refused to estimate the time required, stating that he did not "even have an educated guess" but that "it should be evaluated from year to year." Both doctors did declare that petitioner was likely to improve if treated in juvenile facilities.

■ No evidence was adduced at the hearing that petitioner in four years would positively be a physical danger to society because of a mental or physical deficiency, disorder or abnormality. However, such opinion evidence is not essential for the juvenile court to conclude that a minor is not fit. Furthermore, although expert testimony indicating a juvenile's amenability to treatment offered by the juvenile facilities weighs heavily in his favor, it is not conclusive. ■ Other factors which may be con-

---

[3]Some commentators suggest that there ought to be a presumption of fitness for treatment as a juvenile. (Cal. Juvenile Court Practice (Cont. Ed. Bar 1968) § 137, p. 126; Boches, *Juvenile Justice in California: A Re-evaluation* (1967) 19 Hastings L. J. 47, 96.)

sidered by the juvenile court in the exercise of its discretion in certifying a minor to the superior court as not amenable to treatment as a juvenile are the following: the nature of the crime allegedly committed, the circumstances and details surrounding its commission, the minor's behavior pattern including his past record, if any, of delinquency, his degree of sophistication especially as the same may relate to criminal activities and contradictory opinion testimony. (*Bruce M.* v. *Superior Court, supra,* 270 Cal.App.2d 566, 572; *People* v. *Dotson, supra,* 46 Cal.2d 891, 896; *People* v. *Renteria, supra,* 60 Cal.App.2d 463, 470; *Richerson* v. *Superior Court, supra,* 264 Cal.App.2d 729, 734; Welf. & Inst. Code, § 707.)

█ Pursuant to Welfare and Institutions Code section 1800 et seq. the Youth Authority may not obtain extended control over juvenile court committees solely because further treatment is desirable or necessary. Control is extended only if a minor would be "physically dangerous to the public because of [his] mental or physical deficiency, disorder, or abnormality." (Welf. & Inst. Code, § 1800.) The juvenile court properly was concerned that petitioner would be released even if he were dangerous if section 1800 were found to be unconstitutional. █ However, even if section 1800 et seq. should be held unconstitutional at some future date the Youth Authority would not necessarily have to discharge a minor thought to be an imminent physical danger to the public. Prior to his release the Authority might possibly institute proceedings for his involuntary detention under the Lanterman-Petris-Short Act. (Welf. & Inst. Code, § 5000 et seq.)

The juvenile court stated that except for its reservations concerning the constitutionality of section 1800 et seq. petitioner might otherwise be amenable to the care, treatment, and training program available through the facilities of the juvenile court. The court, however, did not completely review petitioner's case and admittedly declined to fully consider all the facts involved in the incident on which the petition was founded. █ The belief that Welfare and Institutions Code section 1800 may be unconstitutional resulting in the possibility that the Youth Authority could not hold in its facilities a ward of the juvenile court beyond his majority was an improper criterion for certifying petitioner to the superior court for prosecution as an adult. Petitioner is entitled to a rehearing in which the juvenile court, taking into consideration all the appropriate factors, evaluates petitioner's entire case record.

Let the writ of mandate issue directing respondent court to reconsider

petitioner's amenability to treatment as a juvenile in accordance with the views expressed herein.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.