[Civ. No. 16214. Fourth Dist., Div. One. Dec. 13, 1976.]

JAMES EDWARD GREEN, Petitioner, v.
THE MUNICIPAL COURT FOR THE SAN DIEGO JUDICIAL
DISTRICT OF SAN DIEGO COUNTY et al., Respondents;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Peter B. Clarke for Petitioner.

No appearance for Respondent.

Edwin L. Miller, Jr., District Attorney, Peter C. Lehman and John R. Heisner, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

COLOGNE, J.—By his petition of August 30, 1976, James Edward Green seeks to stop his prosecution under the general criminal law and to reinstate juvenile court proceedings earlier begun. His petition prays for an order restraining the municipal court from proceeding in the criminal case and directing the superior court, juvenile department, to find him to be a fit subject for consideration under the juvenile court law.[1] This court, on September 1, restrained proceedings in the municipal court until further order and on October 15, issued an order to show cause why the petition should not be granted. In his November 4 reply to the district attorney's response to the order to show cause, petitioner made application to produce additional evidence (Cal. Rules of Court, rule 23(b)).

The petition has been filed before the preliminary hearing is held in the respondent municipal court, on a felony complaint charging petitioner with two counts of robbery with use of a firearm and infliction of great bodily injury on the victim (Pen. Code, §§ 211, 12022.5), one count of kidnaping for robbery with bodily harm and use of a firearm (Pen. Code, §§ 211, 12022.5), one count of attempted rape while acting in concert with another and with use of a firearm (Pen. Code, §§ 664, 261,

---

[1] On August 25, 1976, the superior court denied Green's petition seeking similar relief.

subd. 2, 264.1, 12022.5), one count of forcible rape in concert with another and with use of a firearm (Pen. Code, §§ 261, subd. 2, 264.1, 12022.5), one count of forcible oral copulation with use of a firearm (Pen. Code, §§ 288a, subd. (d), 12022.5), and two counts of automobile theft (Veh. Code, § 10851). All but the last of the alleged crimes occurred July 1, 1976. Petitioner's 18th birthday was July 3, 1976.

On July 7, 1976, the probation officer filed a petition in the juvenile court (No. 42341). The petition alleges petitioner was within the jurisdiction of the juvenile court as a person described in Welfare and Institutions Code section 602,[2] citing alleged violations of Penal Code sections 211, 209 and 264.1 and Vehicle Code section 10851. For purposes of the present proceeding petitioner's "STATEMENT OF FACTS UNDERLYING ORIGINAL JUVENILE COURT PETITIONS" adequately recites the facts. His statement reads: "On July 1, 1976, petitioner, then 17, in the company of a Dale Robertson, then 16, drove up to a 7-11 store. Robertson entered the store, robbed the female clerk and brought her back to the car as hostage, where petitioner drove all three away. Robertson attempted to rape the hostage twice. Petitioner raped the hostage. Robertson forced the hostage to orally copulate him. The hostage was left without clothes, personal items were taken from her, and Robertson and Petitioner both fled by car. The two were alleged to have stolen the car."

On July 9, 1976, Juvenile Court Judge Roscoe Wilkey ordered a hearing be held July 23 to determine whether petitioner was fit to be dealt with under the Juvenile Court Law (§ 707, "fitness hearing"). On the latter date, Juvenile Court Referee Carl Ericson considered the probation officer's report recommending petitioner be found a fit subject for juvenile court. Referee Ericson found petitioner unfit for consideration under the juvenile court law, ordered commencement of criminal proceedings and dismissed the probation officer's petition without prejudice. There followed the filing of the criminal complaint, No. F-46959, above described.

██ ██ The primary issue raised by the petition is whether, under revised statutory language effective January 1, 1976 (Stats. 1975, ch. 1266), the juvenile court has the power to hold a fitness hearing and make such finding and order without there first having been filed a motion by the probation officer.

[2]Unless otherwise indicated, all section references are to the Welfare and Institutions Code.

In its 1975 session the Legislature repealed former section 707 which provided, generally and among other things, in any case involving a petition alleging a minor violated a criminal statute or ordinance (§ 602) and where there is substantial evidence the minor is 16 or older and not amenable to the juvenile court program, "the court may make a finding noted in the minutes of the court that the minor is not a fit and proper subject to be dealt with under" the juvenile court law, direct the prosecutor to prosecute the person under applicable criminal law and dismiss the petition in juvenile court. The section provided, among other things, "[t]he court shall cause the probation officer to investigate and submit a report on the behavioral patterns of the person being considered for unfitness."[3]

Under the former section case law held, in determining the question of the person's fitness, the juvenile court must go beyond the circumstances surrounding the offense itself and the person's possible denial of involvement in such offense; it may consider the nature of the crime allegedly committed, the circumstances and details surrounding its commission, the person's past record of delinquency and his degree of sophistication with respect to criminal activity; and it must take into account his behavior pattern as described in the probation officer's report

[3]Former section 707 read, in full:

"At any time during a hearing upon a petition alleging that a minor is, by reason of violation of any criminal statute or ordinance, a person described in Section 602, when substantial evidence has been adduced to support a finding that the minor was 16 years of age or older at the time of the alleged commission of such offense and that the minor would not be amenable to the care, treatment and training program available through the facilities of the juvenile court, or if, at any time after such hearing, a minor who was 16 years of age or older at the time of the commission of an offense and who was committed therefor by the court to the Youth Authority, is returned to the court by the Youth Authority pursuant to Section 780 or 1737.1, the court may make a finding noted in the minutes of the court that the minor is not a fit and proper subject to be dealt with under this chapter, and the court shall direct the district attorney or other appropriate prosecuting officer to prosecute the person under the applicable criminal statute or ordinance and thereafter dismiss the petition or, if a prosecution has been commenced in another court but has been suspended while juvenile court proceedings are held, shall dismiss the petition and issue its order directing that the other court proceedings resume.

"In determining whether the minor is a fit and proper subject to be dealt with under this chapter, the offense, in itself, shall not be sufficient to support a finding that such minor is not a fit and proper subject to be dealt with under the provisions of the Juvenile Court Law.

"A denial by the person on whose behalf the petition is brought of any or all of the facts or conclusions set forth therein or of any inference to be drawn therefrom is not, of itself, sufficient to support a finding that such person is not a fit and proper subject to be dealt with under the provisions of the Juvenile Court Law.

"The court shall cause the probation officer to investigate and submit a report on the behavioral patterns of the person being considered for unfitness."

(*Jimmy H.* v. *Superior Court,* 3 Cal.3d 709, 714-716 [91 Cal.Rptr. 600, 478 P.2d 32]; see also *People* v. *Smith,* 5 Cal.3d 313, 317-318 [96 Cal.Rptr. 13, 486 P.2d 1213]).[4] Moreover, under the former section, as a matter of due process, the court was required to hold a separate, noticed fitness hearing and to decide the fitness issue before the jurisdictional hearing takes place (*Donald L.* v. *Superior Court,* 7 Cal.3d 592, 597-598 [102 Cal.Rptr. 850, 498 P.2d 1098]). In all events the decision on the fitness of the person for the juvenile court program rested in the sound discretion of the juvenile court (*Jimmy H.* v. *Superior Court, supra,* 3 Cal.3d 709, 715).

As Senate Bill No. 523 of the 1975 legislative session was introduced, and through the first two amendments of the bill (April 16 in Senate and June 4 in Assembly), its single proposal as to section 707 was to amend the section to provide the circumstances and gravity of the offense may support a finding of unfitness. This provision replaced the existing language stating the offense, in itself, shall not be sufficient to support a finding of unfitness, and thus the amendment proposed a significant change in the law (see *Jimmy H.* v. *Superior Court, supra,* 3 Cal.3d 709, 717).[5]

On August 20, 1975, Senate Bill No. 523 was substantially revised. One of the August 20 proposed changes was to repeal, instead of amend, section 707 and to add a new section 707. This new section 707, ultimately enacted in the same form as incorporated into the bill on August 20, is a completely rewritten version. It does not maintain the format of either the original section or the earlier proposed amendment in the bill. It provides:

"In any case in which a minor is alleged to be a person described in Section 602 by reason of the violation, when he was 16 years of age or older, of any criminal statute or ordinance, *upon motion of the petitioner made prior to the attachment of jeopardy the court shall cause the probation*

---

[4]Stated another way "[t]he factors upon which an unsuitability finding is based are generally those which indicate a relatively poor prognosis for rehabilitation—the maturity of the individual, numerous prior contacts with the courts, the seriousness of the offense alleged or proved, the youth's attitude toward treatment, and his general behavior pattern as revealed by the probation officer's report. [Citation.]" (*People* v. *Smith, supra,* 5 Cal.3d 313, 317-318.)

[5]With respect to this proposed change in section 707, the Legislative Counsel's Digest read:

"Under present law, a minor's offense, in itself is not sufficient to support a finding that a minor is not a fit and proper subject to be dealt with under juvenile court law.

"This bill would, instead, provide that the circumstances and gravity of the offense may support such a finding."

*officer to investigate and submit a report* on the behavioral patterns and social history of the minor being considered for unfitness. *Following submission and consideration of the report, and of any other relevant evidence* which the petitioner or the minor may wish to submit *the juvenile court may find that the minor is not a fit and proper subject* to be dealt with under the juvenile court law if it concludes that the minor would not be amenable to the care, treatment and training program available through the facilities of the juvenile court, based upon an evaluation of the following criteria:

"(a) The degree of criminal sophistication exhibited by the minor.

"(b) Whether the minor can be rehabilitated prior to the expiration of the juvenile court's jurisdiction.

"(c) The minor's previous delinquent history.

"(d) Success of previous attempts by the juvenile court to rehabilitate the minor.

"(e) The circumstances and gravity of the offense alleged to have been committed by the minor.

"A determination that the minor is not a fit and proper subject to be dealt with under the juvenile court law may be based on any one or a combination of the factors set forth above, which shall be recited in the order of unfitness. In any case in which a hearing has been noticed pursuant to this section, the court shall postpone the taking of a plea to the petition until the conclusion of the fitness hearing, and no plea which may already have been entered shall constitute evidence at such hearing." (Italics added.)[6]

Petitioner's claim is the new section 707 language "upon motion of the petitioner," leaves the juvenile court without authority to commence a fitness hearing in the absence of such a motion by the probation officer,

---

[6]With respect to this change in the law the Legislative Counsel's Digest read (changes underscored):

"Under present law, a minor's offense, in itself is not sufficient to support a finding that a minor is not a fit and proper subject to be dealt with under juvenile court law.

"This bill would, instead, provide that the circumstances and gravity of the offense *and other factors, as specified,* may support such a finding."

the only "petitioner" in juvenile court proceedings (§ 650 et seq.).[7] While the new statutory language might be susceptible to such a construction, this is not the only interpretation to be reasonably applied and in accord with our duty to avoid a construction of unconstitutionality, if possible, we must reject petitioner's view of the language since it raises a serious question of constitutionality (see *In re Klor,* 64 Cal.2d 816, 821 [51 Cal.Rptr. 903, 415 P.2d 791]).

The constitutional problem suggested by petitioner's interpretation involves violation of the separation of powers doctrine (Cal. Const., art. III, § 3). In connection with the adult criminal prosecution process, in *People* v. *Tenorio,* 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993], our Supreme Court said at page 94: "When the decision to prosecute has been made, the process which leads to acquittal or to sentencing is fundamentally judicial in nature. Just as the fact of prosecutorial discretion prior to charging a criminal offense does not imply prosecutorial discretion to convict without a judicial determination of guilt, discretion to forego prosecution does not imply discretion to sentence without a judicial determination of those factors which the Legislature has never denied are within the judicial power to determine and which relate to punishment. The judicial power is compromised when a judge, who believes that a charge should be dismissed in the interests of justice, wishes to exercise the power to dismiss but finds that before he may do so he must bargain with the prosecutor. The judicial power ·must be independent, and a judge should never be required to pay for its exercise."

A statute prohibiting dismissal of an alleged prior conviction "except upon motion of the district attorney" (former Health & Saf. Code, § 11718) was invalidated in *Tenorio* as contravening the separation of powers doctrine. We find an analogy to the above-quoted statement in the juvenile court process involved in the case before us.

The operative effect of the section 707 provision here in question, as interpreted by the petitioner, would be the same as the statute struck down in *Tenorio.* As interpreted by petitioner, the probation officer, once having decided to prosecute the petition by having filed it, may

---

[7]On and after January 1, 1977, in juvenile court cases to declare a minor a ward under section 602, the prosecuting attorney, not the probation officer, will be the "petitioner" (§§ 650, subd. (b), 653, as amended by Stats. 1976, ch. 1071, effective Jan. 1, 1977). Section 707, as amended by the same statute, continues and repeats the phrase "upon motion of the petitioner."

compromise the judicial power fundamentally involved in the juvenile court process in any case in which the juvenile court believes the person whose petition is before it is not amenable to the juvenile court process. The court's function in the fitness determination involves the use of the judicial power in taking evidence, hearing argument and finding operative facts (*People* v. *Superior Court (On Tai Ho),* 11 Cal.3d 59, 66-68 [113 Cal.Rptr. 21, 520 P.2d 405]). In any case where the court believes the person is unfit for its process in order to exercise the power to transfer the case to a more suitable tribunal the court is confronted with a situation in which it must bargain with the probation officer before it may order a transfer. This situation violates the independence of the judicial power vital to our system of government.

We find it unnecessary to interpret section 707 so as to run afoul of the separation-of-powers doctrine as above outlined. Instead we construe the first sentence of section 707 as having force and effect separate from the second sentence which, we note, is essentially identical to the provisions of former section 707 in terms of its description of the power in the court's hands.[8] There is no question under the language of former section 707 the court, on its own motion, could set a fitness hearing as it did in the case at bar. Likewise, the essentially identical language of the second sentence of the new section 707 is to be construed as permitting the court, on its own motion, to order a hearing to determine a person's fitness. There is nothing in the legislative history to indicate such a construction is out of line with the purpose of the new enactment, the primary thrust of which was to specify and enlarge the bases for making a finding of unfitness.

The introductory portion of the second sentence, "[f]ollowing submission and consideration of the report, and of any other relevant evidence which the petitioner or the minor may wish to submit . . . ," merely restates the preexisting statutory and case law requiring a report and the court's consideration of it and the evidence adduced at the hearing *before* deciding the issue of fitness (see former § 707; *Jimmy H.* v. *Superior Court, supra,* 3 Cal.3d 709, 714-715).

---

[8]Former section 707 provided, in part: " . . . the court may make a finding noted in the minutes of the court that the minor is not a fit and proper subject to be dealt with under this chapter."

New section 707 provides in this respect: ". . . the juvenile court may find that the minor is not a fit and proper subject to be dealt with under the juvenile court law . . . ."

As to the first sentence of new section 707, the language "upon motion of the petitioner" is to be construed as permitting the probation officer, and no other officer in the executive branch, to initiate the fitness hearing procedure (§ 650 et seq.).[9] Until January 1, 1977, whenever the probation officer makes the motion the court's statutory duty under the first sentence of new section 707 begins and ends with issuing an order causing the probation officer "to investigate and submit a report on the behavioral patterns and social history of the minor being considered for unfitness." (§ 707.) The court, of course, will also cause a fitness hearing to be set and properly noticed in order to comport with due process requirements (*Donald L.* v. *Superior Court, supra,* 7 Cal.3d 592, 597).

Additionally, before the court makes a fitness determination upon its own motion, due process considerations as well as the second sentence of section 707 call for the court's ordering and considering a probation officer's fitness report and holding a noticed hearing.

The foregoing view of new section 707 serves to give meaning and effect to all of the language incorporated by the Legislature in 1975 (see *People* v. *Western Air Lines, Inc.,* 42 Cal.2d 621, 638 [268 P.2d 723]), is consistent with the probation officer's function of assistance to the court (see *In re Dennis H.,* 19 Cal.App.3d 350, 355, fn. 7 [96 Cal.Rptr. 791]) and avoids a construction giving rise to a serious intrusion by the executive branch on the exercise of the judicial power by the juvenile court (*People* v. *Tenorio, supra,* 3 Cal.3d 89, 94-95; see also *People* v. *Superior Court (On Tai Ho), supra,* 11 Cal.3d 59, 65-68). This view also compels denial of the petition here under consideration insofar as petitioner's assertion based on statutory construction is concerned.

■ ■ Other asserted grounds for granting the petition are not meritorious. First, petitioner claims and the district attorney denies, Referee Ericson, without consent or knowledge of petitioner or his attorney, and before the fitness hearing, discussed facts relevant to the fitness decision with a deputy district attorney and a probation officer.

---

[9]In its entirety, the first sentence of new section 707 reads:

"In any case in which a minor is alleged to be a person described in Section 602 by reason of the violation, when he was 16 years of age or older, of any criminal statute or ordinance, upon motion of the petitioner made prior to the attachment of jeopardy the court shall cause the probation officer to investigate and submit a report on the behavioral patterns and social history of the minor being considered for unfitness."

We observe under former section 707 the district attorney could move the court for a fitness hearing (see *Donald L.* v. *Superior Court, supra,* 7 Cal.3d 592, 596). On and after January 1, 1977 the prosecuting attorney will be the petitioner (Stats. 1976, ch. 1071).

While his August 30 petition makes this allegation, his supporting *"Argument, Points and Authorities"* merely states the referee acted improperly and cites no authority for granting the writ on the basis of this allegation alone. Petitioner's November 4 filing with this court makes application to produce additional evidence under rule 23(b) of the California Rules of Court, permitting production of additional evidence on appeal (see also Code Civ. Proc., § 909). In his *"Argument, Points and Authorities"* supporting the application to produce additional evidence petitioner again cites no authorities and merely reviews the issues raised as a result of the district attorney's answer to his petition, concluding these are issues of fact which can be raised only by taking testimony of certain persons and by a determination of fact by this court or its appointed factfinder pursuant to rule 23(b), California Rules of Court. This showing is insufficient to grant either the application to take additional evidence or the relief requested in the petition (rule 41(a), Cal. Rules of Court; and see 6 Witkin, Cal. Procedure (2d ed. 1971) § 574 et seq., p. 4510 et seq.). Due to the late stage of this writ proceeding at which petitioner applied to take additional evidence we cannot view the district attorney's failure to serve and file written opposition to the application as a consent to granting the application (rule 41(c), Cal. Rules of Court).

█ Petitioner contends the order to commence criminal proceedings was unsupported by the evidence. The order, as amended August 2, 1976, nunc pro tunc the July 23 hearing date, was based on the referee's evaluation of whether Green could be rehabilitated before expiration of the juvenile court's jurisdiction (§ 707, subd. (b)) and the circumstances and gravity of the offenses Green allegedly committed (§ 707, subd. (b)). Green's age of majority at the time of the fitness hearing and his own statement of the underlying facts for purposes of this petition furnish substantial bases for concluding there was insufficient time within the juvenile court's jurisdictional limit to accomplish rehabilitation of Green as a person who, if the allegations are found true, actively engaged in an apparently planned series of terrifying and injurious crimes of a most grave sort against person and property. The failure to make a finding of unfitness as to the 16-year-old companion in the alleged crimes has little or no bearing on the issue of Green's fitness. Contrary to his assertion, section 707, as applicable to the petitioner's case, permits consideration of the circumstances and gravity of the alleged offense alone to be a basis for determination of unfitness for "any one or a combination of the factors set forth" in the section may afford a basis for the determination (§ 707). There was substantial evidence on this factor, without more, to

support the determination Green was not a fit and proper subject for the juvenile court process. Petitioner's contention thus fails.

Petitioner also contends his motion for rehearing the question of fitness was improperly denied. Misreading the record, he claims the court granted partial relief on his motion for rehearing without holding a hearing de novo as required by section 560. Actually, the court's order of August 2, signed by Judge Wilkey, merely denied his application for rehearing after reciting the court read and considered the transcript of the July 23 fitness hearing proceedings before Referee Ericson.[10] This fully comports with the section 558 provision: "If all of the proceedings before the referee have been taken down by an official reporter, the judge of the juvenile court may, after reading the transcript of such proceedings, grant or deny such application [for rehearing]."

The "Amended Order Directing District Attorney to Refer for Prosecution," dated August 2, nunc pro tunc July 23, and signed by Referee Ericson, was no part of the ruling on the application for rehearing and in no event constitutes a "grant of relief in part without hearing *de novo*" on the application, as petitioner alleges. Petitioner has simply misread the record and, accordingly, his contention there was an unauthorized change in the fitness order upon his application for rehearing fails.

With the foregoing conclusion the juvenile court did not err in finding Green not to be a fit and proper person for the juvenile court process and ordering his prosecution under the criminal law, petitioner's last contention the municipal court lacks jurisdiction to proceed also falls. As petitioner recognizes, the municipal court's jurisdiction rests on the filing of a complaint. The felony complaint filed here after the referee's order prosecution be commenced gives rise to jurisdiction in the municipal court to proceed (see §§ 603, 606). We find no prejudice to petitioner or basis for granting extraordinary relief in the fact the complaint may have been prematurely filed July 27, before the 10-day period to apply for a rehearing had expired under section 558 (see § 604, subd. (b), providing for suspension of criminal proceedings and permitting resumption of

---

[10]The court's order reads: "THIS MATTER COMING BEFORE THE COURT upon an application for a rehearing of matters heard by a referee on a Court Order dated July 23, 1976, regarding the petition filed July 7, 1976, and the Court having read and considered the transcript of the proceedings in this matter and good cause appearing therefor;

"NOW, THEREFORE, IT IS ORDERED that the application for rehearing is hereby denied."

previously filed prosecution after juvenile court makes finding of unfitness and orders resumption).

The order of September 1, 1976, restraining the Municipal Court for the San Diego Judicial District from proceeding in case No. F-46959 is vacated; the order to show cause of October 15, 1976, is discharged; the application to produce additional evidence is denied; and the petition for peremptory writs of prohibition and mandate is denied.

Brown (Gerald), P. J., and Ault, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied February 11, 1977.