[Civ. No. 4899. Fifth Dist. Dec. 14, 1979.]

In re ANNA S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ANNA S., Defendant and Appellant.

## COUNSEL

Marvin R. Coston, under appointment by the Court of Appeal, for Defendant and Appellant.

Wilbur F. Littlefield, Public Defender (Los Angeles), Dennis A. Fischer, Kenneth I. Clayman and Albert J. Menaster, Deputy Public Defenders, as Amici Curiae on behalf of Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Gregory W. Baugher and James Ching, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FRANSON, J.**—This appeal arises out of juvenile court proceedings in which appellant was found to have violated Vehicle Code section 10851 by driving an automobile without the owner's consent. Appellant was 16 years old at the time of the juvenile court proceeding; however, she contends she should have been allowed to waive her rights to be treated as a juvenile to the end that she would obtain a jury trial in the criminal court. Although appellant does not contend that she was actually unfit for treatment as a juvenile, she urges this court to declare that a trial court is required to accept a waiver of juvenile court proceedings from a 16- or 17-year-old minor, so long as the minor is capable of making an intelligent waiver and is adequately informed of the consequences of such a waiver. Appellant seeks to strengthen her argument by asserting that the due process and equal protection clauses require the juvenile court to allow the minor to assert and be heard on the issue of fitness to be treated as a juvenile. For the reasons to be explained, we reject appellant's contentions.

## DISCUSSION

Both the United States Supreme Court and the California Supreme Court have held there is no constitutional right to jury trial for juveniles accused of crime because juvenile court proceedings are not "criminal" proceedings (*McKeiver* v. *Pennsylvania* (1971) 403 U.S. 528 [29 L.Ed.2d 647, 91 S.Ct. 1976]; *People* v. *Superior Court (Carl W.)* (1975) 15 Cal.3d 271, 274 [124 Cal.Rptr. 47, 539 P.2d 807]).

Welfare and Institutions Code section 707 provides in pertinent part: "In any case in which a minor is alleged to be a person described in Section 602 by reason of the violation, when he was 16 years of age or older, of any criminal statute or ordinance except those listed in subdivision (b), *upon motion of the petitioner* made prior to the attachment of jeopardy the court shall cause the probation officer to investigate and submit a report on the behavorial patterns and social

history of the minor being considered for unfitness. Following submission and consideration of the report, and of any other relevant evidence which *the petitioner or the minor* may wish to submit the juvenile court may find that the minor is not a fit and proper subject to be dealt with under the juvenile court law if it concludes that the minor would not be amenable to the care, treatment and training program available through the facilities of the juvenile court, based upon an evaluation of the following criteria: . . .

"A determination that the minor is not a fit and proper subject to be dealt with under the juvenile court law may be based on any one or a combination of the factors set forth above, which shall be recited in the order of unfitness." (Italics added.) It is clear that the Legislature intended the word "petitioner" as used in section 707 to mean the *prosecuting attorney* who files the petition under section 602. (See Welf. & Inst. Code, § 650, subd. (b).) The use of the disjunctive "or" in the following language from the code section shows that the Legislature did not intend to include the minor as a petitioner: "Following submission and consideration of the report, and of any other relevant evidence which the *petitioner or the minor* may wish to submit. . ." (Welf. & Inst. Code, § 707, italics added). (See *Green v. Municipal Court* (1976) 67 Cal.App.3d 794, 802, fn. 7, 804, fn. 9 [136 Cal.Rptr. 710];[1] see also Edwards, *The Case for Abolishing Fitness Hearings in Juvenile Court* (1977) 17 Santa Clara L.Rev. 595, 599.)

■ *Rucker* v. *Superior Court* (1977) 75 Cal.App.3d 197 [141 Cal.Rptr. 900], cited by appellant in support of her contention, holds only that an *adult* against whom juvenile court wardship proceedings have been initiated may waive the benefits of the juvenile court law and be tried as an adult (*id.,* at pp. 200-202). *Rucker's* rationale is the adult's right to be prosecuted as an adult. That right is not present here because appellant was only 16 when the proceedings were initiated against her. Although the state may have no compelling interest in forcing an adult to be tried as a juvenile against his own wishes, the state does have a compelling interest in seeing that all juveniles who are amenable to treatment under the juvenile court law, will be treated as juveniles. ■ The Legislature has determined that juvenile offend-

---

[1]*Green's* holding was that the juvenile court may initiate a fitness hearing on its own motion (67 Cal.App.3d at p. 803). The *Green* court suggested that any other interpretation of section 707 could violate the separation of powers doctrine. The rationale of *Green* does not aid appellant.

ers should in most instances be treated differently from adults; this policy would be thwarted by allowing the juvenile to select the forum for trial. Section 707 was intended by the Legislature as a procedure whereby *the judge* would exercise discretion in determining fitness based on the enumerated factors.

Appellant's due process and equal protection arguments also fail. Since appellant has no constitutional right to a jury trial, she has not been deprived of a fundamental due process interest. Unless a minor is to be involuntarily removed from the juvenile court system, there is no necessity for a fitness hearing.

As to equal protection, the fact that adults may waive the jurisdiction of the juvenile court and minors may not do so, does not create a constitutionally impermissible classification between adults and minors since there is a rational basis for the classification. As discussed above, the state has a legitimate interest in establishing procedures for juveniles which are designed to rehabilitate rather than merely to punish.

Furthermore, equal protection requires only that persons under *like circumstances* be given equal protection. (See 5 Witkin, Summary of Cal. Law (8th ed. 1974) § 336, p. 3630.) The equal protection clause does not require equal treatment of private persons and the state, because they are not similarly situated. Hence, the fact that a minor may not raise the fitness issue whereas the prosecuting attorney may do so, does not create a suspect classification.

The judgment is affirmed.

Brown (G. A.), P. J., and Zenovich, J., concurred.

A petition for a rehearing was denied January 3, 1980, and appellant's petition for a hearing by the Supreme Court was denied February 14, 1980. Newman, J., was of the opinion that the petition should be granted.