645 P.2d 1229 (1982)
M.O.W., Appellant,
v.
STATE of Alaska, Appellee.
No. 4846.
Court of Appeals of Alaska.
June 11, 1982.
*1230 Robert M. Cowan, Kenai, for appellant.
David Mannheimer, Asst. Atty. Gen., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.
Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION
SINGLETON, Judge.
On October 6, 1978, M.O.W., a fourteen-year-old student at Soldotna Junior High School, left the school cafeteria after lunch. Observing a bulge in M.O.W.'s back pocket, Mr. Hultberg, the vice principal, directed him to his office and ordered him to empty his pockets. The minor complied, disclosing a small quantity of marijuana. Acting pursuant to school board regulations, Mr. Hultberg summoned the police. M.O.W. was charged with delinquency[1] for violation of AS 17.12.110(d)(4).[2] Trial was held before the court sitting without a jury on May 9, 1979. The court found that M.O.W. violated AS 17.12.110(d)(4) by possessing marijuana. At the disposition hearing on July 7, 1979, the court reiterated its finding that M.O.W. violated a statute and that therefore the children's court had jurisdiction. However, the court deferred adjudication of delinquency for one year,[3] and placed M.O.W. on probation. As a condition of probation, M.O.W. was to be incarcerated at the McLaughlin Youth Center for five days prior to beginning the 1979-1980 school year. The sentence was stayed by order of the supreme court on August 29, 1979, pending resolution of this appeal.
The minor's appeal rests on four interrelated contentions: (1) that the jurisdiction of the superior court to sit as a children's court for the offense of possession of marijuana by a minor was repealed by implication when the legislature enacted AS 17.12.110(d)(4), which established a specific penalty and implied an intention to establish an exclusive penalty for the offense of possession of marijuana by a minor; (2) that the trial court erred in denying M.O.W.'s motion to waive children's court jurisdiction since a minor has an absolute right to waive such jurisdiction at least where, as here, he acts on the advice of counsel and with his parent's consent; (3) that where a statute unambiguously prohibits certain conduct but the penalty to be imposed is ambiguous when the statute is read with other statutes  as in this case where the penalty can be either a fine under AS 17.12.110(d)(4) or incarceration under AS 47.10.080 which lists the judgments and orders *1231 the court may enter after a minor is found to be delinquent  it is a violation of due process under the state and federal constitutions to impose the harsher penalty, (Alaska Const. art. 1, § 7; U.S.Const. amend. XIV, § 1); (4) that the superior court, sitting as a children's court, lacks jurisdiction to impose a period of incarceration as a condition of probation.[4] We will discuss these contentions in turn.

REPEAL BY IMPLICATION
M.O.W. argues that AS 17.12.110(d)(4) is clear and unambiguous in providing that a violation is a misdemeanor triable only in district court with a specified maximum penalty of $1,000. It is therefore, M.O.W. continues, irreconcilable with AS 47.10.010(a)(1) and 47.10.080[5] and thus implicitly repeals them insofar as they would otherwise give the children's court jurisdiction over minors accused of possession of marijuana.
Comparison of AS 17.12.110(d)(4) with AS 47.10.010(a)(1) and 47.10.080(b)(1) suggests an ambiguity requiring interpretation. Hafling v. Inland Boatmen's Union of the Pacific, 585 P.2d 870, 872 (Alaska 1978). While AS 17.12.110(d)(4) does seem to establish an exclusive penalty for a minor's possession of marijuana, we note that the procedure set forth in AS 47.10.010(a)(1) governs minors under eighteen found to have violated a criminal[6] law of the state or of a municipality of the state "except as otherwise provided in this chapter." (Emphasis supplied). Alaska Statute 47.10.010(b) provides that prosecutions for traffic violations are exempted from the procedures prescribed in AS 47.10.020-47.10.090 but marijuana violations are not mentioned.[7]
In discussing repeal by implication, the supreme court has said "Legislative intent is the key and if the inconsistency between the two enactments is not fatal to the operation of either, the two may stand together and there will be no implied repeal." Hafling, 585 P.2d at 876 n. 20 (citations omitted).
Fortunately, the legislature has given us guidance regarding its intent. AS 17.12.110(d)(4) was added to our statutes in 1975, originating as Senate Bill 350. On April 11, 1975, the Senate Judiciary Committee recommended *1232 that the senate pass the senate substitute for Senate Bill 350. Senator Terry Miller, a member of that committee, individually commented on his recommendation to pass SB 350, 2 Senate Journal 695-96 (1975). Significantly, he said:
A couple of points concerning the sponsor substitutes; first, the provisions for minors in possession for use [of marijuana] are substantially the same as for minors in possession of alcohol. The intent here is to treat alcohol and marijuana equally with regard to juveniles rather than establish arbitrary distinctions between the two not justified by evidence or reason. In these cases, juveniles are afforded all the protections of the law under special procedures developed by AS 47.10 and the Supreme Court.
2 Senate Journal 696 (1975) (matter in brackets supplied). Differences between the House and Senate versions of the bill resulted in the appointment of a free conference committee, which in reporting out what ultimately became AS 17.12.110(d)(4) said:
While it may appear that the bill establishes criminal treatment of juveniles who possess, control or use any amount of marijuana, the conferees are of the view that AS 47.10 and the Supreme Court's Rules of Children's Procedure will certainly apply, so that those under the age of 18 who are in violation of this law will be treated in the same manner as any juveniles who have committed acts which, were they adults, would be prosecuted as misdemeanors. The conferees consider this section akin to present laws regarding the use of alcohol by minors or laws regarding minors on the premises of establishments where alcoholic beverages are sold.
3 House Journal 1264 (1975).
The committee's report accurately reflects the treatment of alcohol possession by minors at the time it was written. Alaska Statute 04.16.050 forbids those under nineteen years of age from possessing alcohol and AS 04.16.049 prevents those under nineteen years of age, with certain exceptions, from entering licensed premises; AS 04.16.180 makes violations of AS 04.16.049 and 04.16.050 class A misdemeanors. Although these sections were repealed, reenacted, and renumbered in 1980, they reflect the continuous legislative policy since 1957. ACLA 1949 § 35-4-15(11) was added in 1957 to read:
(11) Purchase by minors. It shall be unlawful for any person under the age of twenty-one years to solicit the purchase of or in any other way to attempt to purchase or otherwise secure any intoxicating liquors, including beer and wine. Any person violating the provisions of this subsection shall be guilty of a misdemeanor, and upon conviction thereof shall be punished as provided in section 35-4-20 herein.
ACLA 1949 § 35-4-20 provides misdemeanor penalties for violations of the liquor control provisions. These sections were reenacted and renumbered in the 1962 codification as AS 04.15.020(d) (AS 04.16.060(a) in 1980) and 04.15.100 (AS 04.16.180 in 1980) respectively, without significant change.
Thus, construed in light of its legislative history, AS 17.12.110(d)(4) is not in conflict with AS 47.10.010(a)(1) and AS 47.10.080(b)(1). The overwhelming majority of those persons under eighteen years of age charged with possession of marijuana, like those charged with possession of alcohol, will be adjudicated under AS 47.10 and if found delinquent will be subject to the dispositions set forth in AS 47.10.080(b) which includes, if warranted, institutionalization. See 47.10.080(b)(1). Where, however, the minor after notice and hearing is found "not amenable to treatment" under the Children's Rules pursuant to AS 47.10.060(a) he will then be subject to trial for a misdemeanor, and if convicted, subject to a fine. AS 17.12.110(d)(4).
Certainly, where the minor is young and financially dependent on his parents, a fine is an inappropriate sanction since it would fall primarily on the parents. As the child grows older and begins to be financially independent, waiver of jurisdiction by the children's court under AS 47.10.060(a) is *1233 more likely and a fine is a more appropriate sanction. Consequently, we conclude AS 17.12.110(d)(4) is consistent with AS 47.10.010(a)(1) and that the superior court, sitting as a children's court, is the appropriate forum for prosecution of minors under eighteen years of age charged with possession of marijuana, unless its jurisdiction is waived pursuant to AS 47.10.060(a).

VAGUENESS
In light of the ambiguity we have found between AS 17.12.110(d)(4) and AS 47.10.080(b) regarding possible sanctions for a minor's possession of marijuana, we have decided to consider whether AS 17.12.110 in this context is void for vagueness, though the issue was first raised at oral argument.
In Summers v. Anchorage, 589 P.2d 863 (Alaska 1979) the supreme court listed three factors that determine whether a statute is unconstitutionally vague:
First, a statute may not be so imprecisely drawn and overbroad that it `chills' the exercise of first amendment rights. The second consideration is that in order to be consistent with notions of fundamental fairness a statute must give adequate notice of the conduct that is prohibited. The final element in an analysis of statutory vagueness is whether the statute's imprecise language encourages arbitrary enforcement by allowing prosecuting authorities undue discretion to determine the scope of its prohibitions.
589 P.2d at 866-67 (footnotes omitted).
Applying that test to AS 17.12.110 we find no adverse effect on first amendment rights. M.O.W. is charged with possession of marijuana not a communication by word or conduct. The overbreadth doctrine has never been extended to one who asserts a chilling effect on conduct protected only by the right to privacy. Holton v. State, 602 P.2d 1228, 1234 n. 7 (Alaska 1979); Anderson v. State, 562 P.2d 351, 354-55 (Alaska 1977). In addition, M.O.W. had clear notice of the conduct that is prohibited: possession, control, and use of marijuana.
Finally, we see no risk of arbitrary enforcement. See Mohn v. State, 584 P.2d 40, 43 (Alaska 1978). Under our view, a proceeding in children's court, which is limited to the dispositions set forth in AS 47.10.080(b), is the only option available to the prosecution absent waiver under AS 47.10.060(a), and the standards established in that section are sufficiently clear to prevent arbitrary enforcement. It is only when a waiver is authorized that the minor is exposed to a misdemeanor conviction and a monetary fine. No case has been brought to our attention where the state attempted to criminally prosecute a minor criminally for possession of marijuana absent waiver. In the absence of a history of arbitrary or selective enforcement, we may not invalidate a statute on that ground. Holton v. State, 602 P.2d at 1237; Summers v. Anchorage, 589 P.2d at 868 and n. 22. Therefore we conclude AS 17.12.110(d)(4) is not void for vagueness.[8]

WAIVER AS A MATTER OF RIGHT
May a minor waive juvenile jurisdiction without court approval? We conclude that he may not.
Alaska Statute 47.10.010(a) provides that AS 47.10.020-47.10.090 governs prosecution of minors under eighteen years of age charged with violation of a state statute "except as provided in this chapter." (AS 47.10). The only exceptions are crimes *1234 specified in AS 47.10.010(b), which does not include possession of marijuana, and those minors "waived" pursuant to AS 47.10.060(a). Consequently, we conclude that waiver pursuant to the latter section provides the only means whereby a minor charged with possession of marijuana may avoid the jurisdiction of the children's court and be prosecuted in the adult criminal court. B.A.M. v. State, 528 P.2d 437, 439 (Alaska 1974); P.H. v. State, 504 P.2d 837, 842 (Alaska 1972).
The cases cited by M.O.W. are distinguishable. Rucker v. Superior Court of Los Angeles County, 75 Cal. App.3d 197, 141 Cal. Rptr. 900 (1977) involved a woman who was an adult (eighteen years of age) at the time of her initial hearing. While California, like Alaska, looks to the date of the offense rather than the date of prosecution to determine children's court jurisdiction, the appellate court concluded that the trial court abused its discretion in failing to waive jurisdiction over Ms. Rucker since she was "unamenable to treatment as a juvenile" as a matter of law. Rucker, 141 Cal. Rptr. at 903. The Rucker decision was later held to be limited to a respondent who was already an adult at the time of her first hearing. In re Anna Maria S., 99 Cal. App.3d 869, 160 Cal. Rptr. 495 (1979). Here M.O.W. was fourteen at the time of the incident and fifteen at the time of the disposition hearing. Under these circumstances, California would not recognize a "right" to avoid children's proceedings. In re Anna Maria S., 160 Cal. Rptr. at 497 (sixteen year old not entitled to petition for waiver).
People v. Shaw, 3 Ill. App.3d 1096, 279 N.E.2d 729 (1972) and People v. Thomas, 34 Ill. App.3d 1002, 341 N.E.2d 178 (1976) depend upon a specific Illinois statute permitting a minor to elect between children's court and adult court. Ill. Rev. Stat. ch. 37, § 702-7(5) (1969). Alaska has no similar statute.
Finally, in Merritt v. State, 333 So.2d 915 (Ala.Cr.App. 1976) a seventeen-year-old who had been in and out of juvenile institutions for ten years pled guilty to four counts of attempted "ravishment" and in so doing, with his attorney's advice, expressly waived treatment as a youthful offender. After receiving a ten-year sentence he appealed and the appellate court affirmed. The court held that in light of the charges "a petition to be treated as a youthful offender" would probably have been fruitless. Merritt, 333 So.2d at 918. While not described in either M.O.W.'s brief or the Merritt opinion, the Alabama statutory scheme appears substantially different from our own.[9]
Consequently, we conclude that a minor under the age of eighteen years of age cannot "elect" to be tried as an adult. However, our conclusion does not imply that a minor is precluded from filing a motion to waive children's court treatment.[10]
In In re Anna Marie S., 160 Cal. Rptr. at 497, the court held that the minor could not institute a proceeding to determine amenability to children's court treatment. The decision was based on California's counterpart to AS 47.10.060, Welfare and Institutions Code § 707, which provided for a hearing, "upon motion of the petitioner" to determine whether a minor charged with delinquent behavior was amenable to juvenile court treatment. The court found from the context that "petitioner" meant the state. There is nothing in AS 47.10.060 that precludes a minor from raising the issue, and there are good reasons for allowing such motions. The waiver proceeding exists to screen from children's proceedings those children who by virtue of age or *1235 sophistication are unlikely to have their behavior modified by children's court procedures. There are many statutes regulating the conduct of minors that do not apply to adults, such as those prohibiting minors from possessing marijuana and alcohol. Minors who are almost eighteen years of age and charged with such an offense should be permitted to show that because of their rapidly approaching majority, the treatment programs of the juvenile court would be unlikely to change their behavior significantly in the time remaining. Naturally, the decision on such a motion would be within the sound discretion of the children's court. Consequently, we conclude that a minor may move to waive children's court jurisdiction pursuant to AS 47.10.060(a).
Nevertheless, before the court is obligated to hold a hearing it must "appear" from the petition or testimony: (1) that there is probable cause to believe the minor committed the acts charged, and (2) that the minor is not amenable to treatment. Children's Rule 3. M.O.W.'s motion to waive was not accompanied by an affidavit containing facts, which if true, would support a finding that he is unamenable to treatment. See Civil Rule 77(k). The record reflects that he was born December 11, 1963, and was fourteen on October 6, 1978, when the alleged incident occurred, and fifteen at the time of the disposition hearing. There is no evidence that he has ever undergone treatment, been on probation, or even been charged with an act of delinquency. Under these circumstances, we hold that the trial court did not err in refusing to hold a hearing to determine amenability to children's court treatment.

INCARCERATION AS A CONDITION OF JUVENILE PROBATION
As his last contention M.O.W. argues that the court erred in requiring him to serve five days at the McLaughlin Youth Center as a condition of probation. We agree. In Boyne v. State, 586 P.2d 1250, 1251-52 (Alaska 1978) the court held:
Unless there is specific statutory authority to the contrary, a trial court may not on the one hand grant probation and on the other hand impose institutional confinement or a jail sentence as a condition of that probation.
The state concedes the applicability of Boyne and the absence of express statutory authority to impose a determinate sentence on a minor as a condition of probation. AS 47.10.080(b)(2). Nevertheless, it contends that AS 47.10.080(b) should be read in para materia with AS 12.55.085, providing for suspended imposition of sentences for adults, and therefore, as governed by AS 12.55.086, which was enacted in 1979 to change the Boyne result. While we agree that there are substantial statutory similarities between a finding of delinquency followed by probation as a disposition in the children's court and a suspended imposition of sentence in the adult court, we decline to apply AS 12.55.086 to AS 47.10.080. The legislature has made special efforts to differentiate the rules governing children's dispositions from those applicable in criminal proceedings. If the legislature intended to permit a determinate sentence as a condition of probation, it should have said so directly. We hold that AS 12.55.086 has no application to a children's proceeding.
In Boyne the court declined to simply order the invalid condition stricken from the order of probation, reasoning that this would be inconsistent with the trial court's conclusion that Boyne required a period of incarceration. While the issue is closer here, we conclude that the Boyne result is appropriate and therefore remand for reconsideration of the disposition. The decision of the trial court is affirmed in all respects except the imposition of a five-day period of incarceration as a condition of probation.
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
NOTES
[1] Alaska Statute 47.10.010 provides:

(a) Proceedings relating to a minor under 18 years of age residing or found in the state are governed by this chapter, except as otherwise provided in this chapter, when the court finds the minor
(1) to be a delinquent minor as a result of violating a criminal law of the state or of a municipality of the state... .
[2] Alaska Statute 17.12.110 provides:

(d) A person who ... (4) while under the age of 18, possesses, controls or uses any amount of marijuana is, upon conviction, guilty of a misdemeanor punishable by a fine of not more than $1,000.
[3] Neither the state nor M.O.W. questions this procedure on appeal. In fact, M.O.W. through counsel, endorsed it at the disposition hearing. We express no opinion as to the propriety of deferring an adjudication of delinquency but imposing formal conditions of probation subject to sanction for violation of those conditions.
[4] In addition, M.O.W. attacks the finding that he violated AS 17.12.110(d)(4) because the finding was based in part on evidence erroneously admitted over his objection that the evidence was obtained from him by a school official in violation of his right to be free from unreasonable searches and seizures. In D.R.C. v. State, Op. No. 94, ___ P.2d ___ (Alaska App., June 11, 1982), which we decide today, we hold that searches by school employees such as Vice Principal Hultberg, during school hours, on school premises, are not governed by the fourth amendment to the United States Constitution and article 1, sections 14 and 22 of the Alaska Constitution, governing search and seizures and invasions of privacy, respectively. We note that there is no allegation that the police instigated or participated in the challenged search. We therefore consider D.R.C. dispositive of this issue.

M.O.W. also contends that a statutory scheme that subjects a minor to possible incarceration for conduct that would not be a crime for an adult, or if a crime would only be penalized by a fine, amounts to an unconstitutional denial of the equal protection of the laws (U.S.Const. amend. XIV, § 1; Alaska Const. art. 1, § 1) and would subject the minor to "cruel and unusual punishment." U.S.Const. amend. VIII; Alaska Const. art. 1, § 12. We consider these contentions totally without merit. See L.A.M. v. State, 547 P.2d 827, 834 (Alaska 1976); Anderson v. State, 562 P.2d 351, 358 (Alaska 1977).
[5] Alaska Statute 47.10.080 sets out the possible dispositions that may be made after a delinquency finding, including in an appropriate case, institutionalization. AS 47.10.080(b)(1).
[6] M.O.W. does not argue that AS 17.12.110(d)(4) fails to describe a crime. The legislature evidently considered it a crime by labeling it a misdemeanor. Consequently, we do not reach the question whether a $1,000 fine and community disapproval, if any, establishes AS 17.12.110(d)(4) as a "criminal law." See Baker v. City of Fairbanks, 471 P.2d 386 (Alaska 1970).
[7] Alaska Statute 47.10.010(b) exempted traffic violations from children's court jurisdiction prior to 1975. Alaska Statute 17.12.110(d) was added in 1975. Alaska Statute 47.10.010(b) was amended in 1977 to exclude Fish and Game violations from juvenile jurisdiction but no exemption for marijuana possessory offenses was included.
[8] Given the clear legislative history it cannot be argued that our determination that M.O.W. was subject to children's court jurisdiction was so unforseeable as to amount to retroactive lawmaking. Compare Rose v. Locke, 423 U.S. 48, 53, 96 S.Ct. 243, 245, 46 L.Ed.2d 185, 190 (1975) with Bouie v. City of Columbia, 378 U.S. 347, 353-54, 84 S.Ct. 1697, 1702-03, 12 L.Ed.2d 894, 899-900 (1964). Since this ruling was forseeable, we do not believe that the rule in Brookins v. State, 600 P.2d 12, 17 (Alaska 1979), which favors a milder penalty over a harsher one when there is ambiguity or doubt concerning the severity of the penalty prescribed, applies in this case. Here we believe the legislative intent resolves any ambiguity. Finally, treatment as an adult does not necessarily qualify as less severe than treatment as a child. Lamb v. Brown, 456 F.2d 18 (10th Cir.1972).
[9] State v. F.L.A., 608 P.2d 12, 18 and n. 28 (Alaska 1980) is likewise distinguishable. We assume that M.O.W. could make a knowing intelligent and voluntary commitment with legal advice and parental consent that would be binding on him. We simply hold that such a commitment would not be binding on the court and the state.
[10] Children's Rule 3 contemplates that the judge will determine sua sponte the need for a waiver hearing, while the practice in Alaska is for the state to file a motion seeking waiver. See P.H. v. State, 504 P.2d at 840.