[Civ. No. 987. Fifth Dist. Oct. 18, 1968.]

BARBARA A. MULL, Plaintiff and Appellant, v. HERBERT S. HUNTER et al., Defendants and Respondents.

Cecil J. Bishop and Archibald M. Mull, Jr., for Plaintiff and Appellant.

Wilke, Fleury, Sapunor & Hoffelt and John M. Sapunor for Defendants and Respondents.

STONE, J.—Plaintiff real estate broker appeals from a judgment entered pursuant to an order sustaining demurrer to her complaint for damages, without leave to amend. She filed an action for an amount equal to the real estate commission for the sale of estate property.

The parcel of real property involved was part of the estate of George L. Browning, deceased. It had been on the market for some time and the administrator, defendant Hunter, had discussed a sale with defendants Ewings, the subsequent purchasers, but they had not been able to agree upon the price. Dr. Ewing was undecided whether to purchase the estate property or to go ahead with other plans he had made for real estate development. During this period of impasse, plaintiff, a duly licensed real estate broker who was well acquainted with all the parties involved, called defendant Sapunor, the attorney for the administrator, and told him she wanted a listing of the property. Sapunor told her another real estate firm was to be given the listing but if she would give him the names of her prospects, he would protect her as to them when the property was listed. She gave him three names, including Ewings'. About a month later plaintiff met Dr. Ewing at the property and discussed a sale with him, but no agreement was reached and she continued to work on the sale. Thereafter Dr. Ewing bought the property from the administrator, and upon confirmation of the sale no real estate commission was re-

quested or allowed. Plaintiff then filed a petition in probate claiming a commission; a hearing was held, testimony was taken, and the petition was denied. The court found that plaintiff had no written listing agreement, authorization to sell, agent or broker's agreement, nor memorandum in writing, as required by law.

Plaintiff abandoned her claim against the estate and filed this action against Dr. Hunter, the administrator, in his individual capacity, against defendant Sapunor, the attorney for the administrator, as an individual, and against the purchasers, Ewings. The complaint is framed in two causes of action. Count one alleges an oral contract with the administrator, the attorney for the estate, and the buyers, to sell the estate property. Count two repleads the allegations of count one and alleges a common count for services rendered. The court sustained a demurrer as to each count as to all defendants, without leave to amend, and a judgment was entered accordingly. On this appeal, plaintiff concedes the demurrer was properly sustained, but contends she should have been given leave to amend.

Plaintiff relies upon the well established rule that although a general demurrer must be sustained if the complaint fails to state a cause of action, "it shall not be sustained without leave to amend if it is subject to amendment to state a cause of action . . . and that it is error to sustain a special demurrer without leave to amend if a cause of action is stated or can be stated. . . ." (*Kauffman* v. *Bobo & Wood,* 99 Cal.App.2d 322, 323 [221 P.2d 750].) It also has been said frequently that "pleadings and amendments thereto should be allowed and construed liberally with the object of affording every litigant his day in court and to render substantial justice between the parties." (*Kauffman* v. *Bobo & Wood, supra.*)

It is not clear to us from the amorphous presentation of purported facts and citations by plaintiff, which of two theories she is trying to assert as the basis for a cause of action. She seems to argue that she can prove an oral listing which all defendants conspired to circumvent and thereby defeat her recovery of a commission. The fraud of the defendants, she asserts, estops them from setting up the statute of frauds as a defense to her cause of action for tortious interference with the performance of her agreement. Under proper circumstances, estoppel is available to one seeking to recover on a contract within the statute. (1 Witkin, Summary of Cal. Law (1960) Contracts, § 88, p. 95.)

Again, plaintiff appears to assert that she relied upon her

agreement with attorney Sapunor, personally, to protect her if she sold the property to any of the three prospects named by her. She alleges that she consummated the sale to one of the three prospects but the attorney failed to protect her as he agreed he would, and that he did not protect her because he was induced by Hunter, the administrator, and Ewings, the purchasers, not to perform his agreement.

In *Campbell* v. *Veith,* 121 Cal.App.2d 729, 733 [264 P.2d 141], the court observed that California has adopted the principle stated in section 766 of the Restatement of the Law of Torts, namely: ''Except as stated in Section 698, one who, without a privilege to do so, induces or otherwise purposely causes a third person not to (a) perform a contract with another, or (b) enter into or continue a business relation with another is liable to the other for the harm caused thereby.''

It is not our province at this time to pass upon the legal import of the alleged telephone conversation because no factual determination has been made as to what was said; we merely hold that plaintiff should be allowed to amend her complaint and given an opportunity to allege whatever facts she can in accordance with her theory of the case.

In passing, we point out that the rule is not, as is sometimes assumed, that a demurrer to an original complaint should be sustained without leave to amend unless the complaint shows on its face that it is capable of amendment. ■ The correct rule is that it is an abuse of discretion to sustain a demurrer to an original complaint without leave to amend, unless the complaint shows on its face that it is *incapable* of amendment. (*Temescal Water Co.* v. *Department of Public Works,* 44 Cal.2d 90, 107 [280 P.2d 1].)

■ Admittedly, plaintiff's present theories differ from those alleged in the complaint. There she based her claim upon an oral contract with the administrator of the estate; now she contends her agreement was with the attorney; but this is not fatal to amendment. The general proposition that a cause of action alleged in a complaint in a trial court cannot be changed in the appellate court and that where a case has been tried upon one theory that theory will be adhered to on appeal, does not apply to a ruling on a general demurrer to a complaint. (*Campbell* v. *Veith, supra,* at p. 732.)

The judgment is reversed with directions to the trial court to permit plaintiff to amend her complaint if she be so advised.

Conley, P. J., and Gargano, J., concurred.