14 Cal.Rptr.3d 50 (2004)
90 P.3d 1209
33 Cal.4th 49
In re MARRIAGE OF Lynn E. and Terry GODDARD.
Lynn E. Jakoby, Respondent,
v.
Terry Goddard, Appellant;
Michael G. York, Appellant.
No. S107154.
Supreme Court of California.
June 7, 2004.
*51 Michael G. York, in pro. per., and for Appellant Terry Goddard.
Susan K. Weiss, Santa Monica, for Respondent.
Schwamb & Stabile and Mark A. Hewitt, Orange, as Amici Curiae on behalf of Respondent.
MORENO, J.
A trial of an issue of fact in a civil matter may proceed in the absence of one of the parties and a default judgment may issue if the trial court is satisfied that that *52 party "had 15 days' notice of such trial." (Code Civ. Proc., § 594, subd. (a).) If such notice was served by a party, Code of Civil Procedure section 594, subdivision (b) provides that proof of such notice of trial "may be made by introduction into evidence of an affidavit or certificate . . . or other competent evidence."
In the present case, the husband in a marriage dissolution action did not appear for trial and a judgment was entered. The husband appealed, arguing that the notice of the trial date that had been served by opposing counsel had not been entered into evidence. The notice of trial had been filed, however, and was in the court file. The Court of Appeal affirmed the judgment, concluding the failure to introduce the notice into evidence was harmless error.
We granted review to decide whether the failure to enter into evidence the notice of trial, as required by Code of Civil Procedure section 594, subdivision (b) constitutes a jurisdictional defect or is subject to harmless error analysis. For the reasons that follow, we conclude the error is subject to harmless error analysis and affirm the judgment of the Court of Appeal.

I. FACTUAL AND PROCEDURAL BACKGROUND
On May 10, 1999, Lynn E. Jakoby filed a petition for dissolution of her marriage to Terry Goddard. On May 22, 2000, Goddard filed a response and request for dissolution of marriage.
On August 3, 2000, Jakoby filed a motion for attorney fees and costs for Goddard's failure to answer interrogatories and to provide a "Preliminary Declaration of Disclosure," including a schedule of assets and debts. A hearing was held on August 30, 2000, at which Goddard and his counsel, Michael G. York, failed to appear. The court ordered Goddard to respond to the interrogatories and provide a preliminary declaration of disclosure, including a schedule of assets and debts, by September 15, 2000, and imposed sanctions and costs in the amount of $2,023. The court set the matter for trial on October 25, 2000, and directed Jakoby to give notice of the ruling and of the date of trial.
On August 31, 2000, Jakoby filed a notice of ruling stating that trial had been set for October 25, 2000. Attached to the notice was a proof of service that showed it had been served by mail on York, Goddard's counsel.[1]
On October 25, 2000, Goddard and York failed to appear for trial and the court granted the petition for dissolution of marriage.
Goddard and York appealed from the resulting judgment. Goddard argued that the trial court erred in conducting the trial in his absence because Jakoby had not introduced into evidence proof of the notice of trial as required by Code of Civil Procedure section 594, subdivision (b) (hereafter section 594(b)). Relying upon the decision in Irvine National Bank v. Kwang-Wei Han (1982) 130 Cal.App.3d 693, 181 Cal.Rptr. 864 (Irvine), Goddard asserted that the notice of trial in the court file was insufficient. The Court of Appeal rejected Goddard's argument, finding Jakoby's failure to introduce proof of the notice of trial to be harmless error in light of the circumstance that "there is an uncontroverted under-oath showing and no *53 dispute that notice of trial was given in full compliance with section 594, subdivision (a)."[2]

II. DISCUSSION
The Court of Appeal recognized that the evidentiary rule of section 594(b) is mandatory but held that the failure of a prevailing party to comply with this rule is not a jurisdictional defect. If compliance is not jurisdictional, then a party's failure to comply with section 594(b)'s evidentiary rule will not render a subsequent judgment voidable if the failure is harmless error. (People v. Watson (1956) 46 Cal.2d 818, 836, 299 P.2d 243.) If jurisdictional, then the judgment is voidable and reversible on appeal even where, as here, it is clear from the record that the required notice was given. (County of Santa Clara v. Superior Court (1971) 4 Cal.3d 545, 549, 94 Cal.Rptr. 158, 483 P.2d 774 (County of Santa Clara); 2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, §§ 276, 278, pp. 840-842, 843-844.)
The due process clauses of the United States and California Constitutions require that a party be given reasonable notice of a judicial proceeding. (Scott v. McNeal (1894) 154 U.S. 34, 46, 14 S.Ct. 1108, 38 L.Ed. 896; Harrington v. Superior Court (1924) 194 Cal. 185, 188, 228 P. 15.) This notice requirement is codified in subdivision (a) of Code of Civil Procedure section 594 (hereafter section 594(a)), which states that a party may proceed in the absence of an adverse party with a trial that involves issues of fact if proof is made to the court that "the adverse party has had 15 days' notice of such trial."
Section 594(b) requires a party to enter into evidence such notice of the trial: "The notice to the adverse party required by subdivision (a) shall be served by mail on all the parties by the clerk of the court not less than 20 days prior to the date set for trial. . . . If notice is not served by the clerk as required by this subdivision, it may be served by mail by any party on the adverse party not less than 15 days prior to the date set for trial. . . . If notice is served by the clerk, proof thereof may be made by introduction into evidence of the clerk's certificate pursuant to subdivision (3) of Section 1013a or other competent evidence. If notice is served by a party, proof may be made by introduction into evidence of an affidavit or certificate pursuant to subdivision (1) or (2) of Section 1013a or other competent evidence. The provisions of this subdivision are exclusive." (Italics added.)
In order to determine whether the provision of section 594(b) regarding proof of the notice of trial is mandatory and, if so, whether the failure to comply with that portion of section 594(b) is jurisdictional, we begin with the language of the statute as the most reliable indicator of legislative intent. (Hunt v. Superior Court (1999) 21 Cal.4th 984, 1000, 90 Cal.Rptr.2d 236, 987 P.2d 705.) Section 594(b) was added by amendment in 1975; prior to that time there had been no statutory requirement calling for evidence of notice of trial to be introduced at trial. (Stats.1975, ch. 1001, § 1, p. 2345.) Section 594(a) requires that proof "shall" be made to the court's satisfaction, "as specified in subdivision (b)," that the adverse party has had 15 days' notice of the trial. Section 594(b) continues that such proof "may be made *54 by introduction into evidence of an affidavit . . . pursuant to Section 1013a or other competent evidence." Code of Civil Procedure section 1013a provides for proof of service by mail. The final clause of section 594(b) notes that the "provisions of this subdivision are exclusive."
We first consider the import of the word "may" in the statutory phrase: "proof may be made by introduction into evidence of an affidavit or . . . other competent evidence." (§ 594(b), italics added.) The word "may" could be read in this context to make the entire evidentiary provision permissive. If the provision is permissive, then it would serve only as an optional means of reinforcing "to the court's satisfaction" that the adverse party has had 15 days' notice of the trial as required in section 594(a). Reading the entire evidentiary provision to be permissive is supported by the use of "shall" rather "than" may elsewhere in section 594(b).
A better explanation for the choice of "may" rather than "shall," however, is that it precedes two evidentiary alternatives set forth in the statute. The statute requires either "introduction into evidence of an affidavit or certificate," or the introduction of "other competent evidence." (§ 594(b).) Coupled with the presence of an exclusivity clause that allows no other option for providing proof to the satisfaction of the trial court, the statutory language best supports the conclusion that the overall evidentiary provision is mandatory, but the form of proof, be it either introduction into evidence of compliance with Code of Civil Procedure section 1013a, or other competent evidence, is at the discretion of the party attempting to proceed in the absence of its adversary. Our Courts of Appeal have found accordingly that section 594(b)'s evidentiary rule is mandatory. (Irvine, supra, 130 Cal.App.3d 693, 697, 181 Cal.Rptr. 864; San Francisco Bay Conservation and Development Commission v. Smith (1994) 26 Cal.App.4th 113, 126, 31 Cal.Rptr.2d 488 (San Francisco Bay).)
While the statutory language supports the conclusion that section 594(b)'s evidentiary rule is mandatory, it does not settle the question whether the failure to comply with its mandate is jurisdictional. Nor is the legislative history of assistance. The history reveals that Senate Bill No. 847 (1975-1976 Reg. Sess.), introduced on April 10, 1975, was designed to amend section 594 (hereafter section 594) and remedy the fact that section 594 "now is silent as to who must give, the manner of giving, and the means by which proof may be made of giving the requisite notice" of trial where an adverse party is absent and the other party wishes to proceed with the hearing or trial. (Sen. Com. on Judiciary, Rep. on Sen. Bill No. 847 (1975-1976 Reg. Sess.) Aug. 21, 1975; see also Assem.3d reading analysis, Sen. Bill No. 847 (1975-1976 Reg. Sess.) June 2, 1975.)[3] The legislative history does not illuminate whether the failure to comply with section 594(b)'s evidentiary rule is jurisdictional.
In determining whether section 594(b)'s evidentiary rule is jurisdictional, it is helpful to observe that jurisdictional errors *55 can be of two types. A court can lack fundamental authority over the subject matter, question presented, or party, making its judgment void, or it can merely act in excess of its jurisdiction or defined power, rendering the judgment voidable. (Pacific Mut. Life Ins. Co. v. McConnell (1955) 44 Cal.2d 715, 725-727, 285 P.2d 636; Abelleira v. District Court of Appeal (1941) 17 Cal.2d 280, 288, 290, 109 P.2d 942; Spreckels S. Co. v. Industrial Acc. Com. (1921) 186 Cal. 256, 260, 199 P. 8.) In the present case, Goddard contends that section 594(b) is jurisdictional in the latter sense; i.e., a trial court that has rendered a judgment notwithstanding the lack of compliance with section 594(b) has acted in excess of its jurisdiction.
In addressing this contention, we observe that most procedural errors are not jurisdictional. (Poster v. Southern Cal. Rapid Transit Dist. (1990) 52 Cal.3d 266, 274, 276 Cal.Rptr. 321, 801 P.2d 1072; see also Helbush v. Helbush (1930) 209 Cal. 758, 763, 290 P. 18.) Once a court has established its power to hear a case, it may make errors with respect to areas of procedure, pleading, evidence, and substantive law. (2 Witkin, Cal. Procedure, supra, Jurisdiction, § 278, p. 843; see also Hollywood Circle, Inc. v. Dept. of Alcoholic Beverage Control (1961) 55 Cal.2d 728, 731, 13 Cal.Rptr. 104, 361 P.2d 712 ["`"[J]urisdiction [over the subject], being the power to hear and determine, implies power to decide a question wrong as well as right"'"]; Armstrong v. Armstrong (1976) 15 Cal.3d 942, 950, 126 Cal.Rptr. 805, 544 P.2d 941 ["Thus, a failure to state a cause of action [citations], insufficiency of evidence [citations], abuse of discretion [citations], and mistake of law [citations] have been held nonjurisdictional errors. . . .].")
Moreover, the presumption in the California Constitution is that the "improper admission or rejection of evidence . . . or . . . any error as to any matter of procedure," is subject to harmless error analysis and must have resulted in a "miscarriage of justice" in order for the judgment to be set aside. (Cal. Const., art. VI, § 13.) Code of Civil Procedure section 475 contains similar language: "The court must, in every stage of an action, disregard any error, improper ruling, instruction, or defect, in the pleadings or proceedings which, in the opinion of the court, does not affect the substantial rights of the parties."
Nonetheless, certain procedural errors are jurisdictional. (Abelleira, supra, 17 Cal.2d at p. 288, 109 P.2d 942; 2 Witkin, Cal. Procedure, supra, Jurisdiction, § 276, pp. 840-842.) An error is jurisdictional "`only where the clear purpose of the statute is to restrict or limit the power of the court to act and where the effective enforcement of such restrictions requires the use of extraordinary writs of certiorari or prohibition.'" (County of Santa Clara, supra, 4 Cal.3d at p. 549, 94 Cal.Rptr. 158, 483 P.2d 774.)[4]
*56 We find no such "clear purpose" with respect to section 594(b)'s evidentiary rule.[5] It is evident that the rule serves to effectuate the notice provision of section 594(a). We considered the legislative purpose of section 594(a) at length in Au-Yang v. Barton (1999) 21 Cal.4th 958, 90 Cal.Rptr.2d 227, 987 P.2d 697. "`A proceeding taken against [a party] in his absence is in the nature of a default. The purpose of [section 594(a)] is to prevent the possibility of such default being taken against one who has, by reason of insufficient notice or no notice of the time of trial, been unable to appear.' [Citations.] [¶] Proceeding to judgment in the absence of a party is an extraordinary and disfavored practice in Anglo-American jurisprudence: `[T]he policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party, who, regardless of the merits of the case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary.' [Citations.]" (Id. at p. 963, 90 Cal.Rptr.2d 227, 987 P.2d 697.)
It is clear that section 594(b) serves to promote the same policy objective as section 594(a)  to prevent judgments where one party had no notice of trial. It does so in part by requiring that proof of notice made pursuant to section 594(a) be introduced into evidence at trial. But neither this clear statutory purpose nor the need to avoid a miscarriage of justice is served by reversing a judgment for failure to comply with section 594(b)'s evidentiary rule when it is clear from the record that the prevailing party provided actual, timely notice of the trial date to the defaulting party. We therefore conclude that failure *57 to comply with section 594(b)'s evidentiary rule is not jurisdictional.
This was the Court of Appeal's conclusion in San Francisco Bay, supra, 26 Cal.App.4th at page 126, 31 Cal.Rptr.2d 488. There, a cross-defendant did not appear at trial, but later asserted that the judgment was void as to him because he had not been served with actual notice of the continued trial date. The court recognized that there was no proof that the cross-defendant had been given 15 days' notice of the continued trial date, but noted that section 594 did not apply to a continued trial date (Parker v. Dingman (1975) 48 Cal.App.3d 1011, 1016, 122 Cal.Rptr. 309) and that the cross-defendant had had actual notice of the trial dates before that point. (San Francisco Bay, supra, 26 Cal.App.4th at pp. 126-127, 31 Cal.Rptr.2d 488.) The court reasoned that section 594(b)'s evidentiary rule merely serves "`to protect parties against trials, dismissals or judgments in their excusable absence. Hence, compliance may be waived or excused. . . .' [Citation.]" (Id. at p. 127, 31 Cal.Rptr.2d 488.) The court therefore held that as long as the requirements of section 594(a) are met, such that actual notice to the absent party has occurred, the trial court has jurisdiction to enter judgment against the absent party whether or not the requirements of section 594(b)'s evidentiary rule are met. (San Francisco Bay, supra, 26 Cal.App.4th at pp. 127-128, 31 Cal.Rptr.2d 488; see also Isherwood v. Hyrosen Properties, Inc. (1987) 240 Cal.Rptr. 157, 194 Cal.App.3d Supp. 33, 35-37 [section 594(b) is nonjurisdictional because it otherwise would render jurisdictional provisions of section 594(a) superfluous].)
Goddard cites Irvine, supra, 130 Cal.App.3d 693, 181 Cal.Rptr. 864, for the proposition that failure to comply with the evidentiary provision of section 594(b) is jurisdictional. Irvine is of no avail to Goddard. In that case, notice of trial was sent consistent with Code of Civil Procedure section 1013a, and proof of service was filed with the trial court. Nonetheless, defendant did not appear at trial and the notice of trial was not placed in evidence. (Irvine, supra, 130 Cal.App.3d at p. 695, 181 Cal.Rptr. 864.) Irvine held that a violation of section 594(b) results in the court being "without jurisdiction to proceed in defendant's absence," even if proof of service was on file with the trial court and is part of the record on appeal. (Irvine, supra, 130 Cal.App.3d at p. 698, 181 Cal.Rptr. 864, citing Wilson v. Goldman (1969) 274 Cal.App.2d 573, 79 Cal.Rptr. 309.) We agree with San
Francisco Bay's assessment of Irvine: "The per curiam opinion in Irvine dismissed a dispute about whether the absent party there `did or did not receive actual notice of trial,' suggesting that the arguments . . . were `not pertinent' to the issue of compliance with [section 594(b)]. To the extent that Irvine suggests that waiver and excuse are currently subsumed within the statute's proof requirements, we respectfully disagree. No case has so far felt constrained by that view." (San Francisco Bay, supra, 26 Cal.App.4th at p. 128, 31 Cal.Rptr.2d 488.) To the degree that the decision in Irvine National Bank v. Kwong-Weihan, supra, 130 Cal.App.3d 693, 181 Cal.Rptr. 864, is inconsistent with our opinion here, it is disapproved.
We do not address the situation of a judgment entered against a party who never received notice of a trial date. We also emphasize that compliance with section 594(b)'s evidentiary rule is mandatory and is the most direct means of making clear to trial and appellate courts that section 594(a)'s notice requirement has been fulfilled. But when, as here, it is clear from the record that notice was given consistent with the provisions of section 594(a), but was simply not received into evidence pursuant *58 to section 594(b)'s evidentiary rule, the error is subject to harmless error review and is not jurisdictional. (San Francisco Bay, supra, 26 Cal.App.4th at p. 127, 31 Cal.Rptr.2d 488; Isherwood v. Hyrosen Properties, Inc., supra, 240 Cal.Rptr. 157, 194 Cal.App.3d at pp. Supp. 36-37.)
In the present case, Goddard's counsel, York, was given notice of the trial date in compliance with section 594(a). Jakoby filed proof of this service of such notice with the court prior to trial, and that proof of service appears in the appellate record before us. At the uncontested trial, the notice of the trial date served on Goddard's counsel was not introduced in evidence or demonstrated by other competent evidence, as required by section 594(b)'s evidentiary rule. Jakoby's failure to introduce notice of the trial date is harmless error. Like the Court of Appeal, we conclude that the trial court's reliance on the filed proof of notice in satisfaction of section 594(a), even without the admission of that proof into evidence, provides no grist for a finding that a miscarriage of justice has occurred. (Cal. Const., art. VI, § 13.)

III. DISPOSITION
The judgment of the Court of Appeal is affirmed.
WE CONCUR: GEORGE, C.J., KENNARD, BAXTER, WERDEGAR, CHIN and BROWN, JJ.
NOTES
[1] Goddard claims that the notice of ruling filed on August 31, 2000, is not part of the record on appeal and, therefore, could not properly be considered by the Court of Appeal or this court. He is incorrect. The notice was filed in the superior court in this case and was properly included in the clerk's transcript. (Cal. Rules of Court, rule 5(b)(3)(A); 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 537, p. 579.)
[2] In his reply brief in this court, Goddard argues for the first time that the notice of trial was defective because the proof of service did not comply with Code of Civil Procedure sections 1013a and 594, subdivision (a). He did not, however, petition for rehearing in the Court of Appeal calling attention to any alleged misstatement of fact in its opinion. We therefore decline to address this argument. (Cal. Rules of Court, rule 28(c)(2).)
[3] Section 594 was originally enacted in 1872 and required only that the "Court, for good cause," may halt a trial or hearing brought in the absence of the adverse party. (Stats.1872, ch. 6, § 157, p. 75.) The statute was amended in 1899 to permit a trial or hearing to proceed in the absence of the adverse party, but to require that "proof must first be made to the satisfaction of the court that the adverse party has had five days notice of such trial." (Stats.1899, ch. 6, § 1, p. 5.) After minor amendments in 1933, 1935, 1951, and 1969, in 1975 the statute was amended to increase the notice period to 15 days and add section 594(b), which described the proof necessary to demonstrate that notice had been given. (Stats.1975, ch. 1001, § 1, p. 2345.)
[4] The Court of Appeal in a footnote provided an extensive list of those errors that courts have held qualify as jurisdictional  both in the fundamental sense, and as acts in excess of jurisdiction: "[C]onvicting an unrepresented accused or prosecuting a person who has been granted immunity from such prosecution. (People v. Allen (1999) 21 Cal.4th 424, 431, 87 Cal.Rptr.2d 682, 981 P.2d 525 [right to counsel]; People v. Backus (1979) 23 Cal.3d 360, 381, 152 Cal.Rptr. 710, 590 P.2d 837 [immunity].) . . . An unlawfully imposed sentence. . . . (People v. Jones (1995) 33 Cal.App.4th 1087, 1093, 39 Cal.Rptr.2d 530.) . . . [F]ailing to timely file a notice of appeal; the lack of a final judgment; and raising an issue not listed in the notice of appeal. (Hollister Convalescent Hosp., Inc. v. Rico (1975) 15 Cal.3d 660, 674, 125 Cal.Rptr. 757, 542 P.2d 1349 [untimely notice of appeal]; Committee for Responsible Planning v. City of Indian Wells (1990) 225 Cal.App.3d 191, 195, 275 Cal.Rptr. 57 [absence of a final judgment]; Norman I. Krug Real Estate Investments, Inc. v. Praszker (1990) 220 Cal.App.3d 35, 45-47, 269 Cal.Rptr. 228 [failing to list issue in notice of appeal].) The failure to post a bond is a jurisdictional defect barring enforcement of a preliminary injunction. (Condor Enterprises, Ltd. v. Valley View State Bank (1994) 25 Cal.App.4th 734, 741, 30 Cal.Rptr.2d 613.) . . . Cases where there is exclusive federal jurisdiction may not be tried in state courts. (Chromy v. Lawrance (1991) 233 Cal.App.3d 1521, 1524-1528, 285 Cal.Rptr. 400.) . . . The failure to exhaust administrative remedies is a jurisdictional defect. (Abelleira v. District Court of Appeal (1941) 17 Cal.2d 280, 292-293, 109 P.2d 942.) . . . A court commits jurisdictional error when it decides an issue which has not been assigned to it for decision. (Shane v. Superior Court (1984) 160 Cal.App.3d 1237, 1249, 207 Cal.Rptr. 210.) A probation report is a jurisdictional prerequisite to a finding that a minor is not fit for treatment in the juvenile court system. (Jimmy H. v. Superior Court (1970) 3 Cal.3d 709, 714-715, 91 Cal.Rptr. 600, 478 P.2d 32.) . . . A trial court's effort to resentence a defendant pursuant to Penal Code section 1170 more than 120 days after the initial sentence is a jurisdictionally void act. (People v. Roe (1983) 148 Cal.App.3d 112, 117-118, 195 Cal.Rptr. 802.) . . . In a criminal case, the failure of the information to state facts sufficient to negative the statute of limitations is a jurisdictional defect. (People v. Posten (1980) 108 Cal.App.3d 633, 648, 166 Cal.Rptr. 661.) . . ."
[5] Goddard contends that our decision in Estate of Dean (1906) 149 Cal. 487, 87 P. 13 establishes that a trial court acts in excess of jurisdiction if it conducts a trial in a party's absence without proof that the absent party received notice. (Id. at pp. 491-493, 87 P. 13.) Not so. In that case, the court dismissed a probate action on the defendant's motion when certain plaintiffs failed to appear at trial. The Court of Appeal reversed, finding that dismissal of the action under Code of Civil Procedure section 581 was improper without some showing to the trial court of notice to the absent plaintiffs. (Estate of Dean, supra, at p. 492, 87 P. 13.) In the present case, proof of notice was on file with the court and appears in the appellate record, but was not introduced into evidence. Moreover, in Estate of Dean we expressly limited the scope of the opinion to the notice required for dismissal of an action, not "what would constitute sufficient notice, or sufficient proof of such notice, to authorize a court to proceed to a disposition of a cause in the absence of a party." (Ibid.)