Filed 3/3/16  Angol v. Los Angeles Community College Dist. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| MARTHA A. ANGOL, | B260205 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC444404) |
| v. | |
| LOS ANGELES COMMUNITY COLLEGE DISTRICT et al., | **MODIFICATION OF OPINION [NO CHANGE IN JUDGMENT]** |
| Defendants and Respondents. | |

THE COURT:

It is ordered that the opinion filed herein on February 5, 2016, be modified as follows:

On page 17, fourth line of the second full paragraph, after the date January 2010, insert a footnote that reads as follows:

**As explained above, defendants, except Bly, argued in their respondents' brief that the second amended complaint, on its face, disclosed that plaintiff did not file her lawsuit until over six months after her claims against them had accrued.  In doing so, defendants invoked the well-established rule of pleading which provides that "'when a complaint shows on its face . . . that a pleaded cause of action is apparently barred by the statute of limitations, plaintiff must plead facts which show an excuse, tolling, or other basis for avoiding the statutory bar . . . .'"  (*Spray,*

*Gould & Bowers v. Associated Internat. Ins. Co.* (1999) 71 Cal.App.4th 1260, 1266, fn. 4 [84 Cal.Rptr.2d 552]; see *Union Carbide Corp. v. Superior Court* (1984) 36 Cal.3d 15, 25 [201 Cal.Rptr. 580, 679 P.2d 14] ["'[I]f on the face of the complaint the action appears barred by the statute of limitations, plaintiff has an obligation to anticipate the defense and plead facts to negative the bar'"].) (*In re Reno* (2012) 55 Cal.4th 428, 511.) Moreover, the facts that negate the bar must be pleaded with specificity. (*Gentry v. eBay, Inc.* (2002) 99 Cal.App.4th 816, 824 ["Where the complaint's allegations or judicially noticeable facts reveal the existence of an affirmative defense, the 'plaintiff must "plead around" the defense, by alleging specific facts that would avoid the apparent defense'"].)

In her reply brief, plaintiff made reference to certain letters attached as exhibits to her second amended complaint, but did not acknowledge her burden under the foregoing pleading rule or identify the allegations, based on specific facts, that pleaded around the apparent statute of limitation defense. And, based on our review of the second amended complaint, it does not appear that plaintiff adequately pleaded with the required specificity an excuse, tolling, or other basis for avoiding the statutory bar raised by defendants.

Plaintiff's petition for rehearing is denied. No change in judgment.

_____
KUMAR, J.[*]              TURNER, P. J.              KRIEGLER, J.

---

[*]      Judge of the Superior Court of the County of Los Angeles, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 2/5/16  Angol v. Los Angeles Community College Dist. CA2/5 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MARTHA A. ANGOL, | B260205 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC444404) |
| v. | |
| LOS ANGELES COMMUNITY COLLEGE DISTRICT et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Maureen Duffy-Lewis, Judge.  Affirmed, in part, and dismissed, in part.

Solomon T. Harris for Plaintiff and Appellant.

Carlson & Messer, Charles R. Messer, and Keith A. Yeomans for Defendants and Respondents Los Angeles Community College District, Los Angeles Trade Technical College, Joseph Ratcliffe, Dimitri Lagos, Lawrence L. Bradford and Kathleen Burke-Kelly.

Kohrs & Fiske, Conrad Kohrs, and Kenneth P. Scholtz for Defendant and Respondent Kim Bly.

# INTRODUCTION

Plaintiff and appellant Martha Angol (plaintiff) appeals from the trial court's order dismissing the claims of all of the defendants and respondents,[1] except two causes of action against defendant Kim Bly. According to plaintiff, the trial court lacked jurisdiction and authority to allow defendants to demur to her complaint after the time for filing demurrers had expired. Plaintiff maintains that because the order allowing the demurrers was void when made, the subsequent orders sustaining the demurrers and dismissing her complaint were also void. In the alternative, plaintiff argues that the order allowing the demurrers was an abuse of discretion and violated her due process rights. In addition, plaintiff argues that she alleged facts sufficient to state each of her causes of action against all of the defendants.

As there was with plaintiff's first appeal in this action, there is a threshold issue concerning appealability. As we previously concluded, there is no appealable order or judgment as to Bly because the trial court's order on her demurrer did not dispose of all the claims against her. As to the individual defendants, other than Bly, we conclude that the trial court's dismissal order following remand resolved all outstanding claims against them and therefore constituted an appealable order under Code of Civil Procedure section 904.1.

As to plaintiff's jurisdictional challenges to the orders under review, the trial court did not commit the fundamental jurisdictional errors claimed, and even assuming the trial court acted in excess of its jurisdiction by granting leave to demur, plaintiff has failed to demonstrate the requisite prejudice for reversal. And, plaintiff's merits-based challenges to the order sustaining the demurrers must also be rejected because her complaint

---

[1] The defendants are Los Angeles Community College District (Community College), Los Angeles Trade Technical College (Trade Technical), Joseph Ratcliff, Dimitri Lagos, Bradford Lawrence, Kathleen Burke-Kelly, and Kim Bly. They are collectively referred to as defendants or, at times, the individual defendants and the institutional defendants.

discloses on its face that all of her claims were barred by her failure to timely comply with the Government Claims Act (Gov. Code, § 810 et seq.) [2]

## FACTUAL BACKGROUND[3]

Plaintiff was a "physically disabled dependent adult" who had no formal work experience. She was "obviously passionate about college basketball."

In early 2008, plaintiff learned that Trade Technical intended to hire assistant coaches for its women's basketball team. The position was part-time and paid a salary of approximately $10,000 for coaching services rendered during an 18-week season. Plaintiff learned that Marlon Taylor had interviewed for and was hired as one of the two assistant coaching positions.

Plaintiff immediately asked the head coach of the women's basketball team, Bly,[4] about the vacant coaching position. Bly confirmed that there was a vacant coaching position available and told plaintiff "the job was hers if [she] wanted it." Bly explained to plaintiff that the position paid "a nice salary and the . . . position would serve as a great stepping stone for [p]laintiff to secure a long term position with [Trade Technical's] Athletic Department."

---

[2] In *City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 734, the Supreme Court "adopt[ed] the practice of referring to the claims statutes as the 'Government Claims Act,' to avoid the confusion engendered by the informal short title 'Tort Claims Act.'"

[3] Because we resolve this appeal on procedural grounds unrelated to the merits of the demurrer, we set forth only a summary of the facts to provide context for the legal discussion that follows.

[4] Plaintiff became acquainted with Bly in the summer of 2008 when she would occasionally volunteer to assist Bly in teaching a physical education course at Trade Technical.

Although Bly wanted plaintiff to serve as assistant coach for the team, she had no intention of "officially" hiring plaintiff. Instead, Bly intended to hire plaintiff "'under the table'" or "'off record'" or "'off the books'" for a "substandard wage."

Bly's direct supervisors at Trade Technical, individual defendants Lagos, Ratcliff, Bradford, and Kelly, were each, "at different points in time," aware of Bly's scheme to exploit plaintiff's labor as an assistant coach of the women's basketball team. Pursuant to the scheme, these defendants purposefully refrained from generating or maintaining any required documentation to show that plaintiff had been hired to serve as an assistant coach. Defendants wanted to induce plaintiff to assume and perform the full duties of assistant coach without paying her the full salary designated for that position.

In September 2008, Bly "pretended" to conduct an "on-the-spot" oral interview with plaintiff and induced plaintiff into believing that Bly, as head coach, had authority to hire plaintiff. Following the interview, Bly told plaintiff that she had been hired as an assistant coach. Plaintiff, in reliance on that representation, did not formally apply for the position. From October 2008 through February 2009, plaintiff performed all the duties of an assistant coach for the women's basketball team.

In late October 2008, plaintiff wanted to know when she would receive her first paycheck. When she confronted Bly about the issue, Bly told plaintiff that she would ask the athletic director, Lagos, when plaintiff would be paid. Bly also told plaintiff that Trade Technical had a "'payroll problem'" to resolve, but that it would be resolved soon.

At the end of October and throughout November 2008, plaintiff confronted Bly numerous times about when she would be paid. In response, "Bly would creatively give [plaintiff] one false excuse after another . . . ."

On December 16, 2008, plaintiff sent a letter to the chairman of Trade Technical's physical education department,[5] Ratcliff, in which she complained about not being paid like the other assistant coach who had been paid. Plaintiff informed Ratcliff that if she

---

[5] Plaintiff alleged that Ratcliff was the athletic director. According to defendants, however, Ratcliff was the physical education department chairman.

was not paid $2,500 by December 23, she would authorize a law firm to contact Community College and Trade Technical to resolve the matter.

In response to plaintiff's letter, a meeting was scheduled between and among plaintiff, Bly, and Lagos. During the meeting, Bly admitted that she had promised plaintiff a full assistant coach salary and that she had not followed Trade Technical's policies when she hired plaintiff. Lagos told plaintiff that Community College was experiencing budgetary problems, but that plaintiff would be paid eventually. But Bly and Lagos then changed their story and told plaintiff she had been hired as an unpaid student worker. When plaintiff told Bly and Lagos that she was not currently a student at Trade Technical, they reiterated that she would receive at least some of her unpaid wages soon and the balance of her wages would be paid when the budgetary issues were resolved.

On February 4, 2009, plaintiff sent another letter demanding payment to Community College. In the letter, plaintiff again threatened to take legal action if she was not paid.

On February 10, 2009, plaintiff attended a meeting with Bly, Lagos, and Trade Technical's vice president of academic affairs, Bradford. During the meeting, Bly maintained that she hired plaintiff as her "private employee" and, as a result, plaintiff was told that she "could only look to Bly" for her unpaid wages. Plaintiff was told that she must accept $500 in cash from Bly personally, in lieu of her $10,000 salary. Plaintiff reluctantly accepted the $500 at the meeting and signed a document agreeing to accept $500 for her services and admitting that no one other than Bly made representations to her about receiving compensation for her services. At the meeting, plaintiff was told she could no longer engage in assistant coaching activities and asked not to return to campus. Plaintiff returned the $500 in cash to Lagos's secretary the next day.

On January 27, 2010, plaintiff filed a claim with Community College pursuant to Government Code section 905. On February 26, 2010, Community College rejected plaintiff's claim. On August 26, 2010, plaintiff filed her original complaint in this action against defendants.

# PROCEDURAL BACKGROUND[6]

On March 4, 2011, plaintiff filed a second amended complaint against defendants asserting the following causes of action against the following defendants: a first cause of action against all of the individual defendants—Bly, Ratcliff, Lagos, Lawrence, and Burke-Kelly—for fraud; a second cause of action against all defendants for intentional infliction of emotional distress; a third cause of action against the institutional defendants, Community College and Trade Technical, for unpaid wages; a fourth cause of action against Community College, Trade Technical, and Bly for retaliation; a fifth cause of action against all of the individual defendants for deprivation of federal rights under 42 U.S.C. section 1983; and a sixth cause of action against all of the individual defendants for conflict of interest under Government Code sections 1090 and 87100 et seq.

In response to the second amended complaint, defendants initially filed a motion to strike the second amended complaint as untimely. On May 17, 2011, the trial court denied the motion and ordered defendants to file "answers or responsive pleadings within 30 days . . . ."

On June 16, 2011, defendants filed, inter alia, a motion to strike and also demurred to each cause of action in the second amended complaint, except Bly, who did not demur to the first cause of action against her for fraud. Plaintiff responded to the demurrers and motion to strike by moving to strike them as unauthorized, arguing that defendants were required to file an answer after their first motion to strike had been denied. Plaintiff also filed an opposition to the demurrers.

---

[6] The majority of the procedural background is taken from our unpublished opinion in the first appeal, case number B239648.

In their reply brief in support of their motion to strike, defendants, without explanation, voluntarily withdrew that motion as to the sixth cause of action.[7] At the hearing on the demurrers, the individual defendants' counsel appeared to confirm that they had also voluntarily withdrawn their demurrer to the sixth cause of action against all individual defendants for conflict of interest, a fact that defense counsel reconfirmed at a subsequent hearing.

After hearing oral argument on the parties' respective motions to strike and the demurrers, the trial court took the matters under submission and subsequently issued a minute order that denied plaintiff's motion to strike. The minute order further provided that: "*All defendants demur to all causes of action* except defendant Bly does not demur to the fraud claim. The individuals except Bly move to strike punitive damages. [¶] Demurrer SUSTAINED as to fraud. Failure to plead specific facts as to the fraud cause of action. Failure to show malice on behalf of any of the individuals. *Masters v. San Bernardino County Employees Retirement Association* (1995) 32 Cal.App.4th 30, 42. No leave to amend. [¶] Demurrer SUSTAINED as to intentional infliction of emotional distress. No allegations of extreme and outrageous behavior. *Alcorn v. Anbro Engineering* (1970) 2 Cal.3d 493, 499. No leave to amend. [¶] Demurrer SUSTAINED as to unpaid wages. No leave to amend. [¶] As to retaliation, demurrer SUSTAINED in part and OVERRULED in part. As to [Community College] nor [Trade Technical], they did not retaliate as they never hired plaintiff. As to Bly, plaintiff complained to her that she had done something contrary to public policy then she got fired for that. That is a factual determination, therefore that portion of the demurrer is OVERRULED. No leave to amend as to the remainder of this cause of action. [¶] *Demurrer as to [the sixth cause of action for] conflict of interest affecting contractual rights and economic advantage withdrawn by [the individual defendants]*. [¶] Motion to strike is MOOT. [¶] *The only*

_____

[7]      The motion to strike the sixth cause of action was based on the same grounds as the demurrer to that cause of action—i.e., the cause of action was outside the scope of the leave to amend previously granted by the trial court.

7

*remaining defendant is Bly* to the first cause of action for fraud and to the fourth cause of action for retaliation."[8]  (Italics added.)

Although defendants provided notice of the trial court's ruling on the demurrers, neither they nor plaintiff submitted a judgment or order of dismissal, and no judgment or dismissal order was entered by the trial court.  Instead, almost six months from the entry of the minute order on the demurrer, plaintiff filed a notice of appeal that provided that plaintiff was appealing from a "[j]udgment of dismissal after an order sustaining a demurrer."

On October 3, 2013, we dismissed plaintiff's appeal as taken from a nonappealable order.  Following the issuance of the remittitur on December 4, 2013, the trial court entered a judgment of dismissal as to all defendants except Bly, on September 25, 2014.  Plaintiff filed a timely notice of appeal from that order.[9]

## DISCUSSION

### A.   Appealability

#### 1.   *Bly*

The trial court's order sustaining, in part, the demurrers expressly provided that the first and fourth causes of action against Bly were viable.  Because that order as to Bly did not dispose of all the claims against her, we dismissed plaintiff's previous appeal from that order as taken from a nonappealable order.

Notwithstanding our previous dismissal order, plaintiff again purports to appeal from the order sustaining some, but not all, of the claims against Bly.  Because there is no

---

[8]     The minute order on the demurrer did not expressly rule on the fifth cause of action against the individual defendants, but the trial court's statement that Bly was the only remaining defendant evinced an intent to sustain the individual defendants' demurrers to that claim.

[9]     Plaintiff's request for judicial notice of documents that were not before the trial court when it ruled on the demurrers is denied.

colorable basis for that purported appeal, we once again dismiss it. (See *Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1101 ["'A judgment that disposes of *fewer* than all the causes of action framed by the pleadings . . . is necessarily "interlocutory" (Code Civ. Proc., § 904.1, subd. (a)), and not yet final, as to any parties between whom another cause of action remains pending'"].)

### 2. *Other Individual Defendants*

In our prior unpublished opinion in this matter, we noted that there was an issue as to whether the trial court's ruling on the other individual defendants' demurrers disposed of all of the causes of action against them because the minute order reflecting that ruling stated that the individual defendants had voluntarily withdrawn their demurrer to the sixth cause of action for conflict of interest.[10]

On remand, plaintiff moved to set aside and vacate the trial court's order granting defendants' demurrer to her second amended complaint on several grounds. In their opposition papers, defendants, other than Bly, included a specific request that the trial court clarify its minute order sustaining the demurrers to address the concerns about ambiguity raised in our prior opinion. According to those defendants, they did not withdraw their demurrer to the sixth cause of action. Instead, in their reply brief in support of their motion to strike, they voluntarily withdrew only that motion to the sixth cause of action. Defendants therefore requested that the trial court correct its minute order to reflect that they only withdrew their motion to strike the sixth cause of action, not their demurrer to that claim.

Presumably, defendants' request to clarify the minute order sustaining the demurrers was addressed at the hearing on the motion to set aside and vacate that order. But, because the reporter's transcript of that hearing was not included in the record on appeal, it was unclear if the trial court addressed the request to clarify. The minute order for the motion to vacate reflects that the motion was called for hearing, argued, and

---

[10] As noted, the minute order on the demurrers did not contain an express ruling on the fifth cause of action against the individual defendants.

9

denied. It also specifies that an order of dismissal as to all defendants, except Bly, was entered on the date of the minute order.

Given the state of the record concerning whether the trial court's order on the demurrer resolved all outstanding claims against the individual defendants, other than Bly, we asked the parties to address the issue at oral argument. At argument, plaintiff conceded that the dismissal order entered following remand was intended to resolve all claims against the individual defendants, other than Bly, including the fifth and sixth causes of action. We therefore conclude that the dismissal order as to those defendants was an appealable order over which we have jurisdiction to resolve the issues raised on appeal involving those defendants.

## B.    Jurisdictional Error

Plaintiff contends that the order sustaining the demurrers and the judgment of dismissal based thereon were void when entered. According to plaintiff, under Code of Civil Procedure sections 435, subdivision (d), 472(a), subdivision (d), and 586, subdivision (a)(2), defendants were required to answer the second amended complaint following the denial of their first motion to strike that pleading because the time within which to demur had expired. Therefore, plaintiff argues, the trial court lacked the jurisdiction to give defendants permission to demur, as well as the jurisdiction to rule on the demurrers and enter the dismissals.

In *In re Marriage of Goddard* (2004) 33 Cal.4th 49 (*Goddard*), the Supreme Court explained the difference between the two types of jurisdictional error that can be committed by a trial court. "[J]urisdictional errors can be of two types. A court can lack fundamental authority over the subject matter, question presented, or party, making its judgment void, or it can merely act in excess of its jurisdiction or defined power, rendering the judgment voidable. (*Pacific Mut. Life Ins. Co. v. McConnell* (1955) 44 Cal.2d 715, 725-727 [285 P.2d 636]; *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288, 290 [109 P.2d 942] (*Abelleira*); *Spreckels Suger Co. v. Industrial Acc. Com.* (1921) 186 Cal. 256, 260 [199 P. 8].) In the present case, [the appellant] contends

10

that [Code of Civil Procedure] section 594(b) is jurisdictional in the latter sense; i.e., a trial court that has rendered a judgment notwithstanding the lack of compliance with section 594(b) has acted in excess of its jurisdiction. [¶] In addressing this contention, we observe that *most procedural errors are not jurisdictional*. (*Poster v. Southern Cal. Rapid Transit Dist.* (1990) 52 Cal.3d 266, 274 [276 Cal.Rptr. 321, 801 P.2d 1072]; see also *Helbush v. Helbush* (1930) 209 Cal. 758, 763 [290 P. 18].) Once a court has established its power to hear a case, it may make errors with respect to areas of procedure, pleading, evidence, and substantive law. (2 Witkin, Cal. Procedure [(4th ed. 1996)] Jurisdiction, § 278, p. 843; see also *Hollywood Circle, Inc. v. Dept. of Alcoholic Beverage Control* (1961) 55 Cal.2d 728, 731 [13 Cal.Rptr. 104, 361 P.2d 712] [""'[J]urisdiction [over the subject], being the power to hear and determine, implies power to decide a question wrong as well as right"""]; *Armstrong v. Armstrong* (1976) 15 Cal.3d 942, 950 [126 Cal.Rptr. 805, 544 P.2d 941] ['Thus, a failure to state a cause of action [citations], insufficiency of evidence [citations], abuse of discretion [citations], and mistake of law [citations] have been held nonjurisdictional errors . . . .'].) [¶] Moreover, the presumption in the California Constitution is that the 'improper admission or rejection of evidence . . . or . . . any error as to any matter of procedure,' is subject to harmless error analysis and must have resulted in a 'miscarriage of justice' in order for the judgment to be set aside. (Cal. Const., art. VI, § 13.) Code of Civil Procedure section 475 contains similar language: 'The court must, in every stage of an action, disregard any error, improper ruling, instruction, or defect, in the pleadings or proceedings which, in the opinion of the court, does not affect the substantial rights of the parties.'" (*Id.* at pp. 56-57, italics added.)

After confirming that most types of procedural errors are not jurisdictional in the fundamental sense, the court in *Goddard, supra*, 33 Cal.4th 49 specified the limited types of errors that are considered jurisdictional in the fundamental sense.[11] "Nonetheless,

---

[11] The court in *Goddard, supra*, 33 Cal.4th 49 included in its opinion a footnote that quoted the Court of Appeal's list of examples of fundamental jurisdictional errors. "The Court of Appeal in a footnote provided an extensive list of those errors that courts have

11

certain procedural errors are jurisdictional.  (*Abelleira, supra,* 17 Cal.2d at p. 288; 2 Witkin, Cal. Procedure, *supra*, Jurisdiction, § 276, pp. 840-842.)  An error is jurisdictional "'only where the clear purpose of the statute is to restrict or limit the power of the court to act and where the effective enforcement of such restrictions requires the use of extraordinary writs of certiorari or prohibition.'"  (*County of Santa Clara* [*v. Superior Court* (1971)] 4 Cal.3d [545,] 549.)"  (*Id.* at p. 57.)

---

held qualify as jurisdictional—both in the fundamental sense, and as acts in excess of jurisdiction:  '[C]onvicting an unrepresented accused or prosecuting a person who has been granted immunity from such prosecution.  (*People v. Allen* (1999) 21 Cal.4th 424, 431 [87 Cal.Rptr.2d 682, 981 P.2d 525] [right to counsel]; *People v. Backus* (1979) 23 Cal.3d 360, 381 [152 Cal.Rptr. 710, 590 P.2d 837] [immunity].)  . . .  An unlawfully imposed sentence . . . .  (*People v. Jones* (1995) 33 Cal.App.4th 1087, 1093 [39 Cal.Rptr.2d 530].)  . . .  [F]ailing to timely file a notice of appeal; the lack of a final judgment; and raising an issue not listed in the notice of appeal.  (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349] [untimely notice of appeal]; *Committee for Responsible Planning v. City of Indian Wells* (1990) 225 Cal.App.3d 191, 195 [275 Cal.Rptr. 57] [absence of a final judgment]; *Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 45-47 [269 Cal.Rptr. 228] [failing to list issue in notice of appeal].)  The failure to post a bond is a jurisdictional defect barring enforcement of a preliminary injunction.  (*Condor Enterprises, Ltd. v. Valley View State Bank* (1994) 25 Cal.App.4th 734, 741 [30 Cal.Rptr.2d 613].)  . . .  Cases where there is exclusive federal jurisdiction may not be tried in state courts.  (*Chromy v. Lawrance* (1991) 233 Cal.App.3d 1521, 1524-1528 [285 Cal.Rptr. 400].)  . . .  The failure to exhaust administrative remedies is a jurisdictional defect.  (*Abelleira v. District Court of Appeal*[, *supra*,] 17 Cal.2d 280, 292-293 [109 P.2d 942].)  . . .  A court commits jurisdictional error when it decides an issue which has not been assigned to it for decision.  (*Shane v. Superior Court* (1984) 160 Cal.App.3d 1237, 1249 [207 Cal.Rptr. 210].)  A probation report is a jurisdictional prerequisite to a finding that a minor is not fit for treatment in the juvenile court system.  (*Jimmy H. v. Superior Court* (1970) 3 Cal.3d 709, 714-715 [91 Cal.Rptr. 600, 478 P.2d 32].)  . . .  A trial court's effort to resentence a defendant pursuant to Penal Code section 1170 more than 120 days after the initial sentence is a jurisdictionally void act.  (*People v. Roe* (1983) 148 Cal.App.3d 112, 117-118 [195 Cal.Rptr. 802].)  . . .  In a criminal case, the failure of the information to state facts sufficient to negative the statute of limitations is a jurisdictional defect.  (*People v. Posten* (1980) 108 Cal.App.3d 633, 648 [166 Cal.Rptr. 661].) . . .'"  (*Id.* at p. 57 fn. 4)

12

The type of error claimed in this case is a routine procedural error, i.e., the trial court purportedly acted in excess of its authority when it allowed defendants to demur instead of ordering them to answer. As such, it is not jurisdictional error in the fundamental sense. Thus, even assuming, arguendo, the trial court erred as claimed, its order allowing defendants to demur was not void when made. At best, that order was an abuse of discretion which, as explained in the authorities cited above, is subject to a harmless error analysis.

### C.     Abuse of Discretion and Violation of Due Process

Plaintiff contends that the trial court abused its discretion and violated her right to due process when it gave defendants permission to file a demurrer instead of requiring them to answer. According to plaintiff, under the various sections of the Code of Civil Procedure cited above, the trial court lacked the authority to allow the demurrer to be filed and instead was required to enter defendants' defaults upon their failure to timely answer the second amended complaint.

As noted above, plaintiff is, at best, claiming on appeal that the trial court acted in excess of its jurisdiction in granting leave to file demurrers after denying defendants' first motion to strike. As also noted above, however, such a claim of error is subject to a harmless error analysis. Therefore, even if the trial court erred as claimed, plaintiff has the burden on appeal of demonstrating affirmatively that she was prejudiced, i.e., but for the claimed error, it was reasonably likely that plaintiff would have obtained a more favorable outcome.

Plaintiff has not made the requisite showing of prejudice, nor can she because even if the trial court had required defendants to answer, they could nevertheless have filed a motion for judgment on the pleadings, which motion would have resulted in the same outcome. (See *American Airlines, Inc. v. County of San Mateo* (1996) 12 Cal.4th 1110, 11117-1118 ["Because the time for a demurrer had passed . . . , we treat the motion as a motion for judgment on the pleadings"].) Absent the required showing of prejudice,

there is no basis upon which to reverse the challenged orders and judgment of dismissal on the jurisdictional grounds asserted.

### D. Government Claims Act Compliance

*1. Failure to Demur on Noncompliance with Government Claims Act*

In their respondents' brief, defendants, except Bly, contend that plaintiff's complaint against them is barred by her failure to timely comply with the requirements of the Government Claims Act. But defendants did not demurrer on that ground in the trial court. We conclude that, although generally a party may not change its position on appeal and raise issues not presented to the trial court, the issue of compliance with the Government Claims Act may be raised on appeal because it presents pure issues of law based on undisputed facts and plaintiff had a full and fair opportunity to address the issue in her reply brief.[12]

"An appellate court may . . . consider new theories on appeal from the sustaining of a demurrer to challenge or justify the ruling. As a general rule a party is not permitted to change its position on appeal and raise new issues not presented in the trial court. (*Estate of Westerman* (1968) 68 Cal.2d 267, 279 [66 Cal.Rptr. 29, 437 P.2d 517], and cases there cited.) This is particularly true 'when the new theory depends on controverted factual questions whose relevance thereto was not made to appear' in the trial court. (*Bogacki v. Board of Supervisors* (1971) 5 Cal.3d 771, 780 [97 Cal.Rptr. 657, 489 P.2d 537].) However, 'a litigant may raise for the first time on appeal a pure question of law which is presented by undisputed facts.' (*Hale v. Morgan* (1978) 22 Cal.3d 388, 394 [149 Cal.Rptr. 375, 584 P.2d 512]; cf. *Panopulos v. Maderis* (1956) 47 Cal.2d 337, 341 [303 P.2d 738].) A demurrer is directed to the face of a complaint (Code Civ. Proc., § 430.30, subd. (a)) and it raises only questions of law (Code Civ. Proc., § 589, subd. (a); *Banerian v. O'Malley* (1974) 42 Cal.App.3d 604, 611 [116 Cal.Rptr.

---

[12] Indeed, in the first appeal, the parties addressed the issue at length.

919]).  Thus an appellant challenging the sustaining of a general demurrer may change his or her theory on appeal (*Mull v. Hunter* (1968) 266 Cal.App.2d 657, 660 [72 Cal.Rptr. 201]), and an appellate court can affirm or reverse the ruling on new grounds.  (Cf. *Zappas v. King Williams Press, Inc*. (1970) 10 Cal.App.3d 768, 771 [89 Cal.Rptr. 307]; *Hecton v. People* ex rel. *Dept. of Transportation* (1976) 58 Cal.App.3d 653, 656, fn. 1 [130 Cal.Rptr. 230].)  After all, we review the validity of the ruling and not the reasons given.  (*Sackett v. Wyatt* (1973) 32 Cal.App.3d 592, 598, fn. 2 [108 Cal.Rptr. 219].)" (*B&P Development Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 959.)

## 2.    *Failure to Timely Comply*

The rules governing compliance with the Government Claims Act are well established.  "The [Government] Claims Act provides that '[a] public entity may . . . be sued,' but that with specified exceptions 'no suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . .' (Gov. Code, §§ 945, 945.4; cf. *id*. §§ 905, 905.2, 910 et seq.)  Where required, the claim must be filed within six months after accrual of the cause of action; leave to file a claim after the six-month deadline must be sought within one year after accrual of the cause of action.  (Gov. Code, §§ 911.2, 911.4.)  The purpose of the claim procedure is said to be to give the public entity an opportunity for early investigation and thus to settle just claims before suit, to defend unjust claims, and to correct conditions or practices which gave rise to the claim.  (Recommendations Relating to Sovereign Immunity, No. 2, Claims, Actions and Judgments Against Public Entities and Public Employees (Jan. 1963) 4 Cal. Law Revision Com. Rep. (1963) pp. 1008-1009; Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar 1980) § 5.6, pp. 435-436.)" (*Briggs v. Lawrence* (1991) 230 Cal.App.3d 605, 612.)

The rules concerning Government Claims Act compliance in suits against public employees arising from acts and omissions within the scope of their employment are also well established.  "Employees of public entities may be sued as individuals (cf. Gov.

15

Code, § 950) and the [Government] Claims Act incorporates no requirement that a claim be filed against the *employee*. If the injury on which suit was based arose out of an act or omission within the scope of the employee's employment, the employee may tender defense to, and may thereupon become entitled to indemnification by, the public-entity employer. (Gov. Code, §§ 825-825.6; Van Alstyne, *supra*, § 5.89, pp. 593-597.) The drafters of the [Government] Claims Act perceived that unless some kind of a claim procedure were made a precondition to suit against individual public employees, the protection provided by the requirement of a claim against the *entity* would be 'largely negate[d].' '[I]f an action against the public entity were barred because a claim was not presented to the public entity . . . , the claimant could, nevertheless, bring an action against the employee involved and recover a judgment which the public entity ordinarily would then be required to pay' without having had the opportunities for early investigation, prompt settlement, adequate defense, and remedial action the claim procedure was intended to provide. (Recommendations Relating to Sovereign Immunity, *supra*, p. 1016.) Accordingly the Legislature included in the [Government] Claims Act what amounts to a requirement that (with exceptions not relevant here) one who sues a public employee on the basis of acts or omissions in the scope of the defendant's employment have filed a claim against the *public-entity employer* pursuant to the procedure for claims against public entities. (Gov. Code, §§ 950.2, 950.6, subd. (a), 911.2, 945.4; Van Alstyne, *supra*, §§ 5.63-5.68, pp. 548-556.) Failure to allege compliance renders the complaint in such an action subject to general demurrer. (Van Alstyne, *supra*, §§ 5.8, 5.63, pp. 437-438, 548; *Bohrer v. County of San Diego* (1980) 104 Cal.App.3d 155, 160 [163 Cal.Rptr. 419]; *Dujardin v. Ventura County Gen. Hosp.* (1977) 69 Cal.App.3d 350, 355 [138 Cal.Rptr. 20]; cf. *Taylor v. Mitzel* (1978) 82 Cal.App.3d 665, 671 [147 Cal.Rptr. 323].)" (*Briggs v. Lawrence, supra*, 230 Cal.App.3d at pp. 612-613.)

In the second amended complaint, plaintiff admitted that she did not file a claim under the Government Claims Act until January 27, 2010. She also admitted that her

16

demands for payment of wages were rejected and she was terminated from her coaching position in February 2009.

Pursuant to Government Code section 911.2, "[a] claim relating to a cause of action for . . . injury to person or to personal property . . . shall be presented as provided in Article 2 (commencing with section 915) not later than six months after the accrual of the cause of action." Because plaintiff admittedly did not file her claim until over 10 months after her causes of action accrued, her complaint against defendants is time-barred.

In her reply brief, plaintiff argues that her letter demands for wages qualified as claims under the Government Claims Act. But that argument is contrary to her pleading which judicially admitted that she did not file a claim in compliance with the Government Claims Act until January 2010. Moreover, as she admits, her earlier letter demands did not comply with all of the requirements of the Act, including the requirement of a signature, and a review of those letters demonstrates that they did not give defendants adequate notice of the claims asserted in her complaint or a timely opportunity to investigate and settle them. (See, e.g., *City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 455-457 [in cases where a claimant has failed to comply entirely with a particular requirement concerning the form and content of a claim, substantial compliance cannot be predicated on no compliance; rather, a claimant must show some compliance with all claim requirements and then demonstrate substantial compliance].)

In her reply brief, plaintiff contends that even if she was required to file a timely claim against the institutional defendants, she was not required to file such a claim against the public employee defendants, citing Government Code section 950.[13] But, as explained above, even if plaintiff was not required to file a claim against the public employee defendants, she was nevertheless required to file a timely claim against the

---

[13] Government Code section 950 provides: "Except as otherwise provided in this chapter, a claim need not be presented as a prerequisite to the maintenance of an action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee."

17

institutional defendants.  And, her failure to do so bars her claims against the public employees under section 950.2.**14**  Otherwise, plaintiff could circumvent the requirement of filing a timely claim against a public entity by the mere expedient of suing the public employees knowing that the public entity employer would be required to indemnify them even if a direct claim against that entity was time-barred.

---

**14**     Government Code section 950.2 provides:  "Except as provided in Section 950.4, a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 (commencing with Section 900) of this division or under Chapter 2 (commencing with Section 945) of Part 4 of this division.  This section is applicable even though the public entity is immune from liability for the injury."

## DISPOSITION

The purported appeal from the trial court's order sustaining some, but not all, of the causes of action against Bly is dismissed as taken from a nonappealable order. The trial court's orders granting leave to demur and sustaining the demurrer of all of the defendants, except Bly, as well as the order of dismissal based thereon are affirmed. Each party shall bear its, his, or her costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KUMAR, J.[*]

We concur:

TURNER, P. J.

KRIEGLER, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.